# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| UNILOC USA, INC. and<br>UNILOC LUXEMBOURG, S.A.,<br><br>  Plaintiffs,<br><br>v.<br><br>APPLE INC.,<br><br>  Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 1:18-cv-159<br><br><br>PATENT CASE<br><br><br><br>JURY TRIAL DEMANDED |

**APPLE INC.'S MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ........................................................................................................... 1
II. THE ALLEGATIONS OF PLAINTIFFS' COMPLAINT ................................................ 2
    A. Uniloc's Allegations of Direct Infringement ........................................................... 2
    B. Uniloc's Allegations of Indirect Infringement ........................................................ 3
III. LEGAL STANDARD ...................................................................................................... 4
IV. ARGUMENT .................................................................................................................... 5
    A. Uniloc Does Not State A Claim For Direct Infringement ...................................... 5
    B. Uniloc Does Not State A Claim For Induced Infringement ................................. 10
    C. Uniloc Does Not State A Claim For Contributory Infringement .......................... 12
V. CONCLUSION ............................................................................................................... 14

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Addiction & Detoxification Inst. L.L.C v. Carpenter*,
  620 F. App'x 934 (Fed. Cir. 2015) ..................................................................................... 13

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ............................................................................................... passim

*Atlas IP, LLC v. Exelon Corp.*,
  189 F. Supp. 3d 768 (N.D. Ill. 2016), *aff'd sub nom. Atlas IP, LLC v.
  Commonwealth Edison Co.,* 686 F. App'x 921 (Fed. Cir. 2017) ............................................. 6

*Baker Hughes Oilfield Ops. LLC v. Production Tool Solution, Inc.*,
  No. 17-cv-291, Dkt. No. 37 (W.D. Tex. Mar. 14, 2018) ..................................................... 7, 8

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ............................................................................................... passim

*Bowlby v. City of Aberdeen, Miss.*,
  681 F.3d 215 (5th Cir. 2012) ................................................................................... 4, 5, 6

*City of Clinton, Ark. v. Pilgrim's Pride Corp.*,
  632 F.3d 148 (5th Cir. 2010) .......................................................................................... 5

*Core Wireless Licensing S.A.R.L. v. Apple Inc.*,
  No. 6:14-cv-751, 2015 WL 5000397 (E.D. Tex. June 3, 2015) ...................................... 12, 14

*Fujitsu Ltd. v. Netgear Inc.*,
  620 F.3d 1321 (Fed. Cir. 2010) ..................................................................................... 12

*In re Bill of Lading Transmission & Processing Sys. Patent Litig.*,
  681 F.3d 1323 (Fed. Cir. 2012) ......................................................................... 10, 11, 12, 13

*InCom Corp. v. Radiant RFID, LLC*,
  No. 17-cv-009, Dkt. No. 42 (W.D. Tex. Feb. 27, 2018) ....................................................... 8

*InMotion Imagery Techs. v. Brain Damage Films*,
  No. 2:11-cv-414, 2012 WL 3283371 (E.D. Tex. Aug. 10, 2012) ......................................... 14

*Joao Control & Monitoring Sys., LLC v. Protect Am., Inc.*,
  No. 1:14-cv-134, 2015 WL 3513151 (W.D. Tex. Mar. 24, 2015) .................................. passim

*Macronix Int'l Co. v. Spansion Inc.*,
  4 F.Supp.3d 797 (E.D. Va. 2014) ..................................................................................... 7

## TABLE OF AUTHORITIES
(continued)

**Page(s)**

*Med. Components, Inc. v. Osiris Med., Inc.*,
    No. 15-cv-305, 2016 WL 7638155 (W.D. Tex. July 12, 2016) .................................................5

*Medsquire LLC v. Spring Med. Sys. Inc.*,
    No. 2:11-cv-04504, 2011 WL 4101093 (C.D. Cal. Aug. 31, 2011) .........................................7

*Modern Telecom Sys., LLC v. TCL Corp.*,
    No. 17-cv-583, 2017 WL 6524526 (D. Del. Dec. 21, 2017) ................................................7, 9

*Novitaz, Inc. v. inMarket Media, LLC,*
    No. 16-cv-06795-EJD, 2017 WL 2311407 (N.D. Cal. May 26, 2017) ................................5, 6

*Opticurrent, LLC v. Power Integrations, Inc.*,
    No. 2:16-cv-325-JRG, 2016 WL 9275395 (E.D. Tex. Oct. 19, 2016) ......................................6

*Raindance Tech., Inc. v. 10X Genomics, Inc.*,
    No. 15-cv-152, 2016 WL 927143 (D. Del. Mar. 4, 2016) ........................................................5

*Ruby Sands LLC v. Am. Nat'l Bank of Tex.*,
    No. 2:15-cv-1955, 2016 WL 3542430 (E.D. Tex. June 28, 2016) ..................................5, 6, 10

*Stragent, LLC v. BMW of N. Am., LLC*,
    No. 6:16-cv-446, 2017 WL 2821697 (E.D. Tex. Mar. 3, 2017) .........................................9, 11

*U.S. Ethernet Innovations, LLC v. Cirrus Logic, Inc.*,
    No. 6:12-cv-366, 2013 WL 8482270 (E.D. Tex. Mar. 6, 2013) .............................................11

*Uniloc USA, Inc., et al. v. Apple Inc.*,
    No. 18-cv-00359 WHA (May 2, 2018 N.D. Cal.) .....................................................................1

*Videx, Inc. v. TriTeq Lock & Sec., LLC*,
    No. 6:11-cv-6384, 2014 WL 2040745 (D. Or. May 8, 2014) ...................................................7

*Vita-Mix Corp. v. Basic Holdings, Inc.*,
    581 F.3d 1317 (Fed. Cir. 2009) ..............................................................................................12

**STATUTES**

35 U.S.C. § 271(a) ........................................................................................................................3, 6

35 U.S.C. § 271(c) ........................................................................................................................4, 13

**I.      INTRODUCTION**

Uniloc's Complaint falls far short of the Supreme Court's pleading requirements in *Twombly* and *Iqbal*. Uniloc's conclusory allegations neither recite facts that "state a claim to relief that is plausible on its face," nor put Apple on notice of the alleged infringement. The Court should therefore dismiss the Complaint.

Uniloc's deficient pleading is part and parcel of its broader campaign to extract a settlement from Apple by serially filing meritless patent infringement cases against it—Uniloc is now pursuing *twenty* such cases against Apple in the United States in the hopes that one of them might stick.[1] These twenty cases currently collectively assert thirty patents and together target nearly every recent Apple product.

Uniloc filed the first twelve of these cases in the Eastern District of Texas, but all but two of those cases have now been transferred to the Northern District of California.[2] Of the two cases that still remain in the Eastern District of Texas, one is stayed pending *inter partes* review, and the other has a pending motion to transfer to the Northern District of California. Uniloc is now trying its luck in the Western District of Texas, having recently filed eight separate bare-bones Complaints that collectively assert eleven patents. Six of these eight lawsuits were filed in

---

[1] The 20 cases are 2:17-cv-00638 (E.D. Tex.), 2:17-cv-00708 (E.D. Tex.), 5:18-cv-00357 (N.D. Cal.), 3:18-cv-00358 (N.D. Cal.), 3:18-cv-00359 (N.D. Cal.), 3:18-cv-00360 (N.D. Cal.), 4:18-cv-00361 (N.D. Cal.), 4:18-cv-00362 (N.D. Cal.), 3:18-cv-00363 (N.D. Cal.), 4:18-cv-00364 (N.D. Cal.), 3:18-cv-00365 (N.D. Cal.), 3:18-cv-00572 (N.D. Cal.), 1:18-cv-00158 (W.D. Tex.), 1:18-cv-00159 (W.D. Tex.), 1:18-cv-00161 (W.D. Tex.), 1:18-cv-00163 (W.D. Tex.), 1:18-cv-00164 (W.D. Tex.), 1:18-cv-00166 (W.D. Tex.), 1:18-cv-00293 (W.D. Tex.) and 1:18-cv-00296 (W.D. Tex.).

[2] Notably, on May 2, 2018, in one of the transferred actions, the Court granted in part and denied in part a motion to dismiss brought by Apple under *Twombly* and *Iqbal*. Addressing nearly identical indirect infringement claims as those asserted in the Complaints at issue here, that Court held that Uniloc's indirect infringement claims fell "short of alleging *factual* content sufficient to support Uniloc's conclusions" and dismissed those claims. *See Uniloc USA, Inc., et al. v. Apple Inc.*, No. 18-cv-00359 WHA (May 2, 2018 N.D. Cal.) at 7-9 (emphasis in original) (attached hereto as Exhibit A).

February 2018, the two most recent lawsuits were filed in April 2018, and Uniloc amended one of its February-filed Complaints in April to add two additional patents. None of these Complaints has any substance and they all are "cut and paste" copies of each other. As a result, and for the reasons explained below, none of them states a plausible claim for patent infringement and should be dismissed under Federal Rule of Civil Procedure 12(b)(6).[3]

## II. THE ALLEGATIONS OF PLAINTIFFS' COMPLAINT

On February 22, 2018, Uniloc filed six Complaints against Apple in the Western District of Texas, alleging infringement of seven patents.[4] On April 9, 2018, Uniloc filed two additional Complaints against Apple in the Western District of Texas, alleging infringement of two additional patents.[5] On April 12, 2018, Uniloc amended one of the originally filed Complaints (in the -166 case) to allege infringement of an additional two patents. All of the Complaints are nearly identical to each other. For example, with one exception, each Complaint is shorter than six full pages and includes only twenty paragraphs of allegations.[6] *See* Dkt. No. 1 (Complaint). Of these twenty paragraphs, only three include direct infringement allegations, *id*. at ¶¶ 13-15, and only three include indirect infringement allegations. *Id*. at ¶¶ 16-18. These infringement allegations are nearly identical in form across all eight Complaints.

### A. Uniloc's Allegations of Direct Infringement

Uniloc alleges that Apple infringes U.S. Patent No. 7,587,207 (the "'207 patent"). The totality of Uniloc's direct infringement allegations consist of three conclusory paragraphs. Dkt.

---

[3] Because of the cookie-cutter nature of Uniloc's eight Western District of Texas Complaints against Apple, Apple's concurrently filed motions to dismiss in the eight cases are very similar. Only the following sections of each motion to dismiss are substantively different: sections II.A and IV.A. All other sections of the motions are essentially identical.
[4] These first six Western District of Texas cases are: 1:18-cv-00158, 1:18-cv-00159, 1:18-cv-00161, 1:18-cv-00163, 1:18-cv-00164, and 1:18-cv-00166.
[5] These two Western District of Texas cases are: 1:18-cv-00293 and 1:18-cv-00296.
[6] The one exception is the -166 case, in which Uniloc's Amended Complaint asserts four patents rather than one.

No. 1 at ¶¶ 13-15. The first paragraph simply states that "Apple imports, uses, offers for sale, and sells in the United States electronic devices that operate in compliance with Bluetooth Low Energy version 4.0 and above," and then lists the accused devices. *Id*. at ¶ 13.

The second paragraph consists of one sentence that simply paraphrases parts of the Abstract and claim 1 of the '207 patent, alleging that the accused devices "are used to create a communications system wherein a device operates as a beacon that sends a series of inquiry messages that include data fields arranged in accordance with the Bluetooth 4.0 and above protocol and another device receives such a message and is capable of reading data, including location data, contained in the inquiry message." *Id*. at ¶ 14, Ex. A at Abstract, claim 1.

The third paragraph, which again consists of a single sentence, then recites the naked legal conclusion that "Apple has infringed, and continues to infringe, claims of the '207 Patent in the United States, including claims 1-3 and 5-11, by making, using, offering for sale, selling and/or importing the Accused Infringing Devices in violation of 35 U.S.C. § 271(a)." *Id*. at ¶ 15. There are no other allegations in the Complaint regarding direct infringement, including no allegations as to what component(s) or software application(s) of the accused products are accused and how those component(s) or application(s) allegedly infringe.

### B. Uniloc's Allegations of Indirect Infringement

Uniloc's indirect infringement allegations are equally deficient. Once again, the entirety of Uniloc's indirect infringement allegations consist of three paragraphs. Dkt. No. 1 at ¶¶ 16-18. In the first of these three paragraphs, Uniloc alleges induced infringement by stating that: (1) Apple's customers use the accused products in accordance with never identified Apple "instructions" that allegedly exist on such websites as "www.apple.com" and "www.youtube.com/user/Apple"; and (2) Apple failed "to remove or diminish the" never identified "infringing features of the Accused Infringing Devices." *Id.* at ¶ 16.

In the second paragraph, Uniloc alleges contributory infringement by parroting the elements of 35 U.S.C. § 271(c) (contributory infringement), stating, without any accompanying factual allegations, that the accused products somehow "are used in practicing the processes, or using the systems, of the '207 patent, and constitute a material part of the invention," and that "Apple knows" that the never identified "portions of the Accused Devices to be especially made or especially adapted for use in infringement of the '207 patent, not a staple article, and not a commodity of commerce suitable for substantial noninfringing use." *Id*. at ¶ 17.

In the last of these three paragraphs, Uniloc alleges knowledge of the asserted patent "at the latest" when Apple was served with the Complaint, and that "[b]y the time of trial, Apple will have known and intended (since receiving such notice) that its" never identified "continued actions would actively induce and contribute to" the alleged infringement. *Id.* at ¶ 18.

## III.   LEGAL STANDARD

To state a claim for relief pursuant to Fed. R. Civ. P. 12(b)(6), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In this regard, "[t]o survive a motion to dismiss, a complaint must contain sufficient <u>factual matter</u>, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (emphasis added); *Bowlby v. City of Aberdeen, Miss.*, 681 F.3d 215, 219 (5th Cir. 2012). If the factual allegations "do not permit the court to infer more than the mere possibility of misconduct," *id.* at 679, then the plaintiff has "not nudged [its] claims . . . across the line from conceivable to plausible." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads <u>factual content</u> that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678 (emphasis added); *Bowlby*, 681 F.3d at 219.

Although a court must assume that the facts alleged by a plaintiff are true in determining whether a complaint has alleged sufficient facts to state a plausible claim for relief, the court should disregard "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678; *City of Clinton, Ark. v. Pilgrim's Pride Corp.*, 632 F.3d 148, 152-53 (5th Cir. 2010). Thus, a complaint is insufficient if it offers only "labels and conclusions," or "a formulaic recitation of the elements of a cause of action." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555); *Bowlby*, 681 F.3d at 219. Moreover, it is insufficient for a complaint to "plead[] facts that are merely consistent with a defendant's liability[.]" *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted).

## IV.   ARGUMENT

### A.   Uniloc Does Not State A Claim For Direct Infringement

While Form 18 of Fed. R. Civ. P. 84 previously governed pleading requirements for allegations of direct infringement in patent cases, that rule was abrogated on December 1, 2015. *Med. Components, Inc. v. Osiris Med., Inc.*, No. 15-cv-305, 2016 WL 7638155, at *3 (W.D. Tex. July 12, 2016) ("the December 1, 2015 amendments to the Federal Rules of Civil Procedure abrogated Form 18 in favor of the more stringent pleading requirements of Federal Rule of Civil Procedure 8"); *Ruby Sands LLC v. Am. Nat'l Bank of Tex.*, No. 2:15-cv-1955, 2016 WL 3542430, at *2-3 (E.D. Tex. June 28, 2016) (finding that Form 18 no longer applies and instead applying *Twombly* and *Iqbal* to plaintiff's direct infringement claims); *Raindance Tech., Inc. v. 10X Genomics, Inc.*, No. 15-cv-152, 2016 WL 927143, at *2 (D. Del. Mar. 4, 2016) (same); *Novitaz, Inc. v. inMarket Media*, LLC, No. 16-cv-06795, 2017 WL 2311407, at *1-2 (N.D. Cal. May 26, 2017) (agreeing with the "majority of district courts that, in the wake of the abrogation of Form 18, the standards set forth in *Twombly* and *Iqbal* should govern the sufficiency of allegations of direct infringement").

5

Under current law, in order to "state a claim for direct infringement, a plaintiff must explicitly plead facts to plausibly support the assertion that a defendant 'without authority makes, uses, offers to sell, or sells any patented invention during the term of the patent.'" *Ruby Sands,* 2016 WL 3542430, at *2 (*quoting* 35 U.S.C. § 271(a)); *Opticurrent, LLC v. Power Integrations, Inc.*, No. 2:16-cv-325-JRG, 2016 WL 9275395, at *3 (E.D. Tex. Oct. 19, 2016).  This includes alleging facts that permit a court to conclude that all claim limitations of at least one claim of the claimed invention are practiced by the accused products.  *Novitaz*, 2017 WL 2311407, at *3-4; *Atlas IP, LLC v. Exelon Corp.,* 189 F. Supp. 3d 768, 774 (N.D. Ill. 2016), *aff'd sub nom. Atlas IP, LLC v. Commonwealth Edison Co.,* 686 F. App'x 921 (Fed. Cir. 2017).  Thus, a complaint may state a plausible claim for patent infringement when it identifies the patent and asserted claims, describes the technology covered by the patent, identifies the infringing activity, identifies the accused product, and identifies how that product infringes the patent.  *See, e.g.*, *Opticurrent*, 2016 WL 9275395, at *4.  Accordingly, the question is whether the plaintiff has alleged actual facts that could support all elements of a direct infringement claim, and has not merely paraphrased the elements of such a claim with conclusory assertions.  *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555; *Bowlby*, 681 F.3d at 219.

Here, Uniloc's Complaint fails to comply with these fundamental pleading requirements. The Complaint is devoid of any identification or discussion of the component(s) or application(s) in the accused products that allegedly infringe the asserted claims, and Uniloc makes no attempt to allege how any limitation of any asserted claim applies to any component or application in any of the 40 accused products.  Instead, Uniloc's meager direct infringement allegations consist only of: (1) identifying Apple products that allegedly support Bluetooth Low Energy version 4.0 and above (Dkt. No. 1 at ¶ 13); (2) indiscriminately applying, without explanation, its one-

sentence paraphrase of the patented invention to all 40 accused products (*id*. at ¶ 14); and (3) then asserting direct infringement in a wholly conclusory manner (*id*. at ¶ 15).

As established above, parroting the claim language without tying it to factual allegations concerning how the accused products operate—as Uniloc does—is insufficient. *See also Modern Telecom Sys., LLC v. TCL Corp.,* No. 17-cv-583, 2017 WL 6524526, at *3 (D. Del. Dec. 21, 2017) ("[S]imply parroting back the words of the claim and stating (without more) that the [defendant] infringes that claim is not helpful. That amounts to little more than a conclusory statement that 'Your product infringes my patent claim.' There needs to be some *facts* alleged that articulate *why it is plausible* that the other party's product infringes that patent claim—not just the patentee asserting, in a take-my-word-for-it fashion, that it is so.") (emphasis in original).

In short, Apple cannot be forced to guess what component(s) or applications(s) are accused and how those component(s) or application(s) allegedly infringe.[7] Accordingly, because Uniloc's Complaint does not include facts plausibly demonstrating how any accused product infringes the patent claims, it fails to state a claim of direct infringement.

This Court previously has found that a description of the patent along with a description of the accused technology can be a sufficient factual basis to show that the plaintiff's claims are plausible. *See Baker Hughes Oilfield Ops. LLC v. Production Tool Solution, Inc.*, No. 17-cv-291, Dkt. No. 37 at 3 (W.D. Tex. Mar. 14, 2018); *InCom Corp. v. Radiant RFID, LLC*, No. 17-cv-009, Dkt. No. 42 at 3-4 (W.D. Tex. Feb. 27, 2018). But here, unlike *InCom*, in which the

---

[7] *See Macronix Int'l Co. v. Spansion Inc.*, 4 F.Supp.3d 797, 803-04 (E.D. Va. 2014) (dismissing direct infringement allegations where the complaint "simply alleges that each element of a cited claim is infringed and then parroted the claim language for each element"); *Videx, Inc. v. TriTeq Lock & Sec., LLC,* No. 6:11-cv-6384, 2014 WL 2040745, at *2, *4-5 (D. Or. May 8, 2014) (dismissing complaint that "does not specify the manner in which TriTeq products embody or practice specific claims of the '600 Patent"); *Medsquire LLC v. Spring Med. Sys. Inc.,* No. 2:11-cv-04504, 2011 WL 4101093, at *3 (C.D. Cal. Aug. 31, 2011) (dismissing complaint that "fails to include any facts identifying what aspect of the 'Care360 system' infringes its patents").

Court agreed that the complaint's "allegations detail[ed] the accused products, including their functionality through pictures and descriptions of the accused products and their relevant functionality taken from [defendant's] own publically-available materials, and ties the accused products to the [asserted] Patents" (*InCom*, Dkt. No. 42 at 2), Uniloc's Complaint not only provides no such detail and no such tie to the patent, it fails to even identify the components or applications within the accused products that allegedly practice the patent, much less explain how they allegedly do so.  And, unlike *Baker Hughes*, in which the Court agreed that the complaint's "allegations identify the accused products and ties the accused products to the asserted claims" (*Baker Hughes*, Dkt. No. 37 at 2-3), Uniloc's Complaint provides no such tie between the accused products and the asserted claims, as Uniloc instead simply paraphrases, in one sentence, some aspects of the patented invention.  Dkt. No. 1 at ¶ 14.

Uniloc's Complaint alleges that the accused Apple products "operate in compliance with Bluetooth Low Energy version 4.0 and above." *Id.* at ¶ 13; *see also id.* at ¶ 14.  However, the '207 patent itself identifies Bluetooth as a prior art standard, so the mere practice of Bluetooth cannot be what is claimed. *Id.* at Ex. A at Abstract, 2:31-47, 3:36-46, 4:14-23, 6:18-33, 6:49-63, 7:56-62, 9:2-6, 9:52-10:11, 10:30-34.  Indeed, the two independent claims of the '207 patent require a "first communication protocol," which two dependent claims limit to "Bluetooth messaging." *See id.* at claims 1, 9 ("first communication protocol"), claims 3, 11 ("Bluetooth messaging").  The independent claims then recite that the claimed system and method must add something to the first protocol—a new data field. *Id.* at claim 1 ("add to each inquiry message prior to transmission an additional data field . . . the additional data field including location information."), claim 9 ("adds to each inquiry message prior to transmission an additional data field carrying broadcast message data including location information").  Thus, based upon the

8

patent itself, it is not plausible to conclude that the mere practice of the Bluetooth standard results in infringement.

Moreover, the Complaint does not actually allege that the Bluetooth standard (any version) infringes the '207 patent. As such, Uniloc's allegation that certain Apple products support a Bluetooth standard does not plausibly allege infringement. Furthermore, simply identifying a technical standard without further explanation fails to meet the pleading requirements of *Iqbal* and *Twombly*. *Stragent, LLC v. BMW of N. Am., LLC*, No. 6:16-cv-446, 2017 WL 2821697, at *5 (E.D. Tex. Mar. 3, 2017), report and recommendation adopted, No. 6:16-cv-00446, 2017 WL 2832613 (E.D. Tex. Mar. 27, 2017) (dismissing complaint where it "identifies no common element between the AUTOSAR Standard and the asserted claims, nor does it explain how the accused products, by complying with the AUTOSAR Standard, also infringe the asserted claims"); *Modern Telecom*, 2017 WL 6524526, at *3 ("Plaintiff must have some basis to believe that compliance with certain portions of the Wi–Fi Standard require the practice of each of the limitations of claim 18 of the patent-in-suit, and must have some basis to believe that the Blackberry PRIV operates pursuant to the Wi–Fi Standard. It just needs to plead some facts that show the Court how it is plausible that these things are so."). Accordingly, if Uniloc contends that complying with the Bluetooth 4.0 standard somehow results in infringement, then it is essential that Uniloc at a minimum allege in its pleading what aspects of the standard are implicated, as the core standard consists of six stand-alone volumes totaling 2,300 pages (not including an additional compliance requirements volume). Indeed, the core standard is so long and complex that the table of contents alone spans 29 pages. *See https://www.bluetooth.org/docman/handlers/downloaddoc.ashx?doc_id=229737*. Moreover, many features of the Bluetooth core specification are optional, so the fact that an accused product

9

may support the Bluetooth standard in some respects does not mean that it does so in all respects. *See, e.g., id*. at Volume 1 (Architecture and Terminology Overview) at 17 ("Many features of the core specification are optional, allowing product differentiation").

In short, Uniloc's Complaint falls far short of meeting the pleading requirements for a direct infringement claim.

### B.     Uniloc Does Not State A Claim For Induced Infringement

To state a claim for induced infringement, a "complaint must contain facts plausibly showing that [defendant] specifically intended their customers to infringe the patents-in-suit and knew that the customers' acts constituted infringement." *Joao Control & Monitoring Sys., LLC v. Protect Am., Inc.*, No. 1:14-cv-134, 2015 WL 3513151, at *4 (W.D. Tex. Mar. 24, 2015) (*citing In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1339 (Fed. Cir. 2012) ("To survive [defendants'] motion to dismiss, therefore, [plaintiff's] amended complaints must contain facts plausibly showing that [defendants] specifically intended their customers to infringe the '078 patent and knew that the customer's acts constituted infringement")). In other words, "knowledge of infringement alone . . . is not enough. Inducement requires evidence of culpable conduct, directed to encouraging another's infringement, not merely that the inducer had knowledge of the direct infringer's activities." *Ruby Sands*, 2016 WL 3542430, at *3 (dismissing induced infringement claim for failure to state a claim) (internal quotations omitted).  Uniloc's Complaint fails to allege such facts that state a plausible induced infringement claim.

First, Uniloc's induced infringement claim fails because, as established above, Uniloc has not alleged a plausible claim for direct infringement. *In re Bill of Lading*, 681 F.3d at 1333 (It is "axiomatic that there can be no inducement or contributory infringement without an underlying act of direct infringement.") (internal quotations and citations omitted).

10

Second, Uniloc's Complaint does not allege, as it must, that Apple knew that any of its customers infringed the '207 patent. Dkt. No. 1 at ¶ 16. *In re Bill of Lading*, 681 F.3d at 1339; *Joao Control*, 2015 WL 3513151, at *4-5. Indeed, Uniloc does not allege that Apple even was aware of the patent until the Complaint was filed. Dkt. No. 1 at ¶ 18. Moreover, Uniloc's only actual factual allegation is its assertion that Apple "intentionally instructs its customers to infringe through training videos, demonstrations, brochures, installation and user guides, such as those located at:" Dkt. No. 1 at ¶ 16. Uniloc then lists several websites, such as the entirety of Apple's website (www.apple.com) and an Apple-related YouTube site. *Id.* However, Uniloc does not identify any specific instruction(s) anywhere in the cited websites, much less instructions pertaining to the '207 patent, much less instructions pertaining to any particular claim limitation of the '207 patent, much less a set of instructions that somehow evidence knowledge by Apple that its customers infringed the patent. Uniloc's sparse and conclusory allegations thus fall far short of pleading a plausible induced infringement claim. *See, e.g.*, *Joao Control*, 2015 WL 3515151, at *5 (granting motion to dismiss for failure to state a claim for induced infringement because the complaint "suffer[ed] from" a "lack of inference-supporting facts and reliance on conclusory statements that merely mirror the elements of the cause of action"); *U.S. Ethernet Innovations, LLC v. Cirrus Logic, Inc.*, No. 6:12-cv-366, 2013 WL 8482270, at *4 (E.D. Tex. Mar. 6, 2013); ("[Plaintiff's] allegations that [Defendant] 'supplies' infringing systems and components and provides 'instructions' to its customers who allegedly infringe do not create a reasonable inference of inducement"); *Stragent,* 2017 WL 2821697, at *9 ("Generic allegations that [defendants] provide instructional materials along with accused products, without more, are insufficient to create a reasonable inference of specific intent for purposes of an induced infringement claim.") (internal quotations and citations omitted); *Core*

11

*Wireless Licensing S.A.R.L. v. Apple Inc.*, No. 6:14-cv-751, 2015 WL 5000397, at *4 (E.D. Tex. June 3, 2015) (same).

Third, Uniloc's Complaint does not allege, as it must, that Apple specifically intended its customers to infringe the '207 patent. Dkt. No. 1 at ¶ 16. *In re Bill of Lading*, 681 F.3d at 1339; *Joao Control*, 2015 WL 3513151, at *4-5. Uniloc's allegation regarding "instructions" on the cited websites fail for the reasons explained above. Uniloc further alleges that "Apple also induces infringement by others by failing to remove or diminish the infringing features of the Accused Infringing Devices." Dkt. No. 1 at ¶ 16. However, Uniloc never identifies "the infringing features," much less alleges that Apple knew they were infringing or that Apple intended its customers to infringe by using these unidentified features. The Court should therefore dismiss Uniloc's claim of induced infringement.

### C.     Uniloc Does Not State A Claim For Contributory Infringement

Contributory infringement requires: (1) direct infringement by a third party; (2) that the accused contributory infringer have knowledge of the patents; (3) that a component provided by the accused contributory infringer have no substantial non-infringing uses; and (4) that the component be a material part of the invention. *Fujitsu Ltd. v. Netgear Inc.*, 620 F.3d 1321, 1326 (Fed. Cir. 2010). "To state a claim for contributory infringement, therefore, a plaintiff must, among other things, plead facts that allow an inference that the components sold or offered for sale have no substantial non-infringing uses." *In re Bill of Lading*, 681 F.3d at 1337. "[A] substantial non-infringing use is any use that is 'not unusual, far-fetched, illusory, impractical, occasional, aberrant, or experimental.'" *Id*. (quoting *Vita-Mix Corp. v. Basic Holdings, Inc.*, 581 F.3d 1317, 1327-29 (Fed. Cir. 2009)). Here, Uniloc's contributory infringement claims, like its other claims, should be dismissed because the Complaint lacks factual allegations supporting a plausible claim for contributory infringement.

First, Uniloc's claims for contributory infringement must also be dismissed because, as established above, Uniloc has failed to state a claim for direct infringement by a third-party. *In re Bill of Lading*, 681 F.3d at 1333.

Second, Uniloc's contributory infringement allegations are simply a "formulaic recitation of the elements of a cause of action," entirely devoid of factual enhancement, and are insufficient to sustain the claim. *Twombly*, 550 U.S. at 555. Indeed, Uniloc's contributory infringement claim simply mimics the contributory infringement statute with the conclusory statements that Apple has infringed the '207 patent by distributing the accused devices, which "are used in practicing the processes, or using the systems, of the '207 patent, and constitute a material part of the invention," and that "Apple knows portions of the Accused Devices to be especially made or especially adapted for use in infringement of the '207 patent, not a staple article, and not a commodity of commerce suitable for substantial noninfringing use." Dkt. No. 1 at ¶ 17; 35 U.S.C. § 271(c). This Court has dismissed such claims where "the paragraphs containing [the plaintiff's] pleading of contributory infringement are thin of fact and consist of conclusory allegations that merely recite the elements of contributory infringement." *Joao Control*, 2015 WL 3515151, at *5; *see also Addiction & Detoxification Inst. L.L.C v. Carpenter*, 620 F. App'x 934, 938 (Fed. Cir. 2015) ("Simply repeating the legal conclusion that Defendants induced infringement or contributorily infringed does not plead 'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'") (*quoting Iqbal*, 556 U.S. at 678).

Third, merely reciting that the accused devices have no substantial non-infringing use is insufficient. Specifically, a perfunctory identification of an entire device as having no substantial non-infringing use fails because it does not "identify the general functionality of the

respective patents, the hardware and/or software components it accuses, or how those components are material and especially adapted for infringement. Moreover, with such a lack of clarity and specificity, it is impossible to derive a plausible inference that the accused hardware/software has no substantial non-infringing uses." *Core Wireless*, WL 4910427, at *5 (granting motion to dismiss contributory infringement claim for failure to identify the components used in the infringing method and failing to allege facts showing the absence of substantial noninfringing uses); *Joao Control*, 2015 WL 3515151, at *5 ("At a minimum, it is unclear to the court how the components listed as 'accused products' do not have noninfringing uses."); *InMotion Imagery Techs. v. Brain Damage Films*, No. 2:11-cv-414, 2012 WL 3283371, at *3 (E.D. Tex. Aug. 10, 2012) ("In this case, the Complaint does not identify the components used in the infringing method, nor does it allege any facts adequate for the Court to find an inference that such components have no substantial non-infringing uses.").

Fourth, at least with respect to Apple's pre-suit conduct, Uniloc has not alleged that Apple had the requisite knowledge of the '207 patent, as Uniloc does not allege that Apple was aware of the patent until the Complaint was filed. Dkt. No. 1 at ¶ 18.

Accordingly, the Court should dismiss Uniloc's contributory infringement claim.

## V.   CONCLUSION

For the foregoing reasons, Apple respectfully asks the Court to dismiss Uniloc's Complaint for failure to state a claim.

Date:  May 9, 2018                             Respectfully submitted,


                                               */s/ Brian K Erickson*
                                               Brian K. Erickson
                                               Texas Bar No. 24012594
                                               brian.erickson@dlapiper.com
                                               John M. Guaragna
                                               Texas Bar No. 24043308

14

John.guaragna@dlapiper.com
**DLA Piper LLP (US)**
401 Congress Avenue, Suite 2500
Austin, Texas  78701
Phone: 512.457.7000
Fax: 512.457.7001

Mark D. Fowler (*pro hac vice*)
mark.fowler@dlapiper.com
Christine K. Corbett (*pro hac vice*)
Christine.corbett@dlapiper.com
Summer Torrez (*pro hac vice*)
summer.torrez@dlapiper.com
Jonathan Hicks (*pro hac vice*)
jonathan.hicks@dlapiper.com
**DLA Piper LLP (US)**
2000 University Avenue
East Palo Alto, CA  94303-2214
Phone:  650.833.2000
Fax:  650.833.2001

Larissa Park (*pro hac vice*)
larissa.park@dlapiper.com
**DLA Piper LLP (US)**
33 Arch Street, 26th Floor
Boston, MA  02110-1447
Phone:  617.406.6000
Fax:  617.406.6100

**ATTORNEYS FOR DEFENDANT APPLE INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on the 9th day of May 2018, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing via electronic mail to all counsel of record. Any other counsel of record will be served by first class U.S. mail.

  */s/ Brian K. Erickson*
  Brian K. Erickson