James J. Foster
jfoster@princelobel.com
Aaron S. Jacobs (CA No. 214953)
ajacobs@princelobel.com
**PRINCE LOBEL TYE LLP**
One International Place, Suite 3700
Boston, MA  02110
617-456-8000

Matthew D. Vella (CA No. 314548)
mvella@princelobel.com
**PRINCE LOBEL TYE LLP**
357 S Coast Highway, Suite 200
Laguna Beach, CA  92651

Attorneys for Plaintiffs

MARK FOWLER (Bar No. 124235)
mark.fowler@us.dlapiper.com
CHRISTINE K. CORBETT (Bar No. 209
christine.corbett@us.dlapiper.com
SUMMER TORREZ (Bar No. 264858)
summer.torrez@us.dlapiper.com
JONATHAN HICKS (Bar No. 274634)
jonathan.hicks@us.dlapiper.com
**DLA PIPER LLP (US)**
2000 University Avenue
East Palo Alto, CA  94303-2214
Tel: 650.833.2000

Attorneys for Defendant APPLE INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| UNILOC USA, INC. and UNILOC LUXEMBOURG, S.A.,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>APPLE INC.,<br><br>　　　　　　　Defendant. | CASE NO.  5:19-cv-01692-EJD<br><br>**AGREED PROTECTIVE ORDER REGARDING THE DISCLOSURE AND USE OF DISCOVERY MATERIALS**<br><br>Re:  Dkt. No. 81<br><br>　　MODIFIED BY THE COURT |

Plaintiffs, Uniloc USA, INC. and UNILOC LUXEMBOURG, S.A. ("Plaintiffs"), and Defendant, Apple Inc. ("Defendant"), anticipate that documents, testimony, or information containing or reflecting confidential, proprietary, trade secret, and/or commercially sensitive information are likely to be disclosed or produced during the course of discovery, initial disclosures, and supplemental disclosures in this case and request that the Court enter this Order setting forth the conditions for treating, obtaining, and using such information.

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Court finds good cause for the following Agreed Protective Order Regarding the Disclosure and Use of Discovery Materials ("Order" or "Protective Order").

1. **PURPOSES AND LIMITATIONS**

(a)     Protected Material designated under the terms of this Protective Order shall be used by a Receiving Party solely for this case or as permitted by the Cross-Use Provision herein, and shall not be used directly or indirectly for any other purpose whatsoever. Nothing in this Order shall be construed as authorizing Plaintiffs to share any Protected Material with any defendant not named to the above-captioned case as of the date of execution of this Order.

(b)     The Parties acknowledge that this Order does not confer blanket protections on all disclosures during discovery, or in the course of making initial or supplemental disclosures under Rule 26(a).  Designations under this Order shall be made with care and shall not be made absent a good faith belief that the designated material satisfies the criteria set forth below.  If it comes to a Producing Party's attention that designated material does not qualify for protection at all, or does not qualify for the level of protection initially asserted, the Producing Party must promptly notify all other Parties that it is withdrawing or changing the designation.

2. **DEFINITIONS**

(a)     "Discovery Material" means all items or information, including from any non-party, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced, disclosed, or generated in connection with discovery or Rule 26(a) disclosures in this case.

(b) "Outside Counsel" means (i) outside counsel who appear on the pleadings as counsel for a Party and (ii) partners, associates, and staff of such counsel to whom it is reasonably necessary to disclose the information for this litigation.

(c) "In-house Counsel" means attorneys who are employees of a Party and are working on this litigation, and includes supporting personnel employed by those counsel, such as paralegals, but specifically excludes any inventor of a Patent-in-suit.

(d) "Patent-in-suit" means U.S. Patent No. 7,587,207.

(e) "Party" means any party to this case as of the date of execution of this Order, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel and their support staff.

(f) "Producing Party" means any Party or non-party that discloses or produces any Discovery Material in this case.

(g) "Protected Material" means any Discovery Material that is designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE," as provided for in this Order. Protected Material shall not include: (i) advertising materials that have been actually published or publicly disseminated; and (ii) materials that show on their face they have been disseminated to the public.

(h) "Receiving Party" means any Party who receives Discovery Material from a Producing Party.

(i) "Source Code" means computer code, scripts, assembly code, binaries, object code, source code listings and descriptions of source code, object code listings and descriptions of object code, netlists, Hardware Description Language (HDL) or Register Transfer Level (RTL) files that describe the hardware design of any ASIC or other chip, mask data design and fabrication computer files stored in a "GDS" or related file format, process-flow documents related to the fabrication of circuit boards, and other documents that provide the same definition or detailed description of the algorithms or structures of software or hardware designs.

3. **COMPUTATION OF TIME**

The computation of any period of time prescribed or allowed by this Order shall be

governed by the provisions for computing time set forth in Federal Rule of Civil Procedure 6.

4.    **<u>SCOPE</u>**

(a)    The protections conferred by this Order cover not only Discovery Material governed by this Order as addressed herein, but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by Parties or their counsel in Court or in other settings that might reveal Protected Material.

(b)    Nothing in this Protective Order shall prevent or restrict a Producing Party's own disclosure or use of its own Protected Material for any purpose, and nothing in this Order shall preclude any Producing Party from showing its Protected Material to an individual who prepared the Protected Material.

(c)    Nothing in this Order shall be construed to prejudice any Party's right to use any Protected Material in Court or in any Court filing with the written consent of the Producing Party or by order of the Court.

(d)    This Order is without prejudice to the right of any Party to seek further or additional protection of any Discovery Material or to modify this Order in any way, including, without limitation, an order that certain matter not be produced at all.

5.    **<u>DURATION</u>**

Even after the termination of this case, the confidentiality obligations imposed by this Order shall remain in effect until a Producing Party agrees otherwise in writing or a Court order otherwise directs.

6.    **<u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>**

(a)    <u>Basic Principles</u>.  All Protected Material shall be used solely for this case or any related appellate proceeding, and not for any other purpose whatsoever, including without limitation any other litigation, patent prosecution or acquisition, patent reexamination, reissue, *inter partes* review, covered business method review, or other post-grant review proceedings, or any business or competitive purpose or function.  Protected Material shall not be distributed, disclosed or made available to anyone except as expressly provided in this Order.

(b) <u>Patent Prosecution Bar</u>. Absent the written consent of the Producing Party, any person employed by, related to, or representing Plaintiffs who is permitted to and in fact receives any of Defendant's materials designated "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" and directed to technical information relevant to the case, but excluding financial data or non-technical business information (collectively, "HIGHLY SENSITIVE TECHNICAL MATERIAL"), in accordance with this Order, shall not, on behalf of Plaintiffs or their acquirer, successor, predecessor, or other affiliate, prepare, prosecute, or assist in the preparation or prosecution of any patent application relating to the subject matter of the asserted patent (communications systems and methods implementing beacons to deliver data between devices) and corresponding to the produced technical information before any foreign or domestic agency, including the United States Patent and Trademark Office. To ensure compliance with the purpose of this provision, each party shall create an "Ethical Wall" between those persons with access to HIGHLY SENSITIVE TECHNICAL MATERIAL in accordance with this Order, and any individuals who, on behalf of Plaintiffs or their acquirer, successor, predecessor, or other affiliate, prepare, supervise, or assist in the preparation or prosecution of any patent application relating to the accused functionalities as enumerated above. These prohibitions shall not preclude Plaintiffs' litigation counsel from participating in any *inter partes* review proceedings. However, if and when claim amendments are considered in such an *inter partes* review, Plaintiffs' litigation counsel participating in that *inter partes* review must at that time either end their involvement in that *inter partes* proceeding or request leave of court to continue their participation in that proceeding. Litigation counsel who are the subject of such a request shall not provide input on any proposed claim amendments while the motion for leave is pending, and the Producing Party will agree to reasonable measures to expedite consideration of that motion (such as an expedited briefing schedule that allows for at least one week for the filing of an opposition). If leave of court is granted, then Plaintiffs' litigation counsel may continue to represent Plaintiffs in the litigation and the *inter partes* proceeding at issue, even though amendments are considered. If leave is denied, then those counsel with access to HIGHLY SENSITIVE TECHNICAL MATERIALS shall withdraw from

representation in, and shall not provide any input concerning, that *inter partes* review. The prohibitions of this paragraph shall begin when the HIGHLY SENSITIVE TECHNICAL MATERIALS are first received by the affected individual, and shall end one  year after the settlement and/or dismissal of the Producing Party Defendant from this action or the final non-appealable termination of this action.

(c)     Patent Acquisition Bar. Absent the written consent of the Producing Party, any person employed by, related to, or representing Plaintiffs who is permitted to and in fact receives any of Defendant's materials designated "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" and directed to technical information relevant to the case, but excluding financial data or non-technical business information (collectively, "HIGHLY SENSITIVE TECHNICAL MATERIAL"), in accordance with this Order, shall not advise, counsel, participate, or assist in the acquisition of any patents or patent applications that (1) relate to the subject matter of the asserted patent in this case; or (2) relate to the subject matter of the HIGHLY SENSITIVE TECHNICAL MATERIAL that such individual reviewed.  For the avoidance of doubt, the "acquisition" of patents under this section includes any analysis or evaluation of patents for the purposes of evaluating whether, or for what price, to acquire them.   These prohibitions shall begin when the HIGHLY SENSITIVE TECHNICAL MATERIALS are first received by the affected individual, and shall end one year after the settlement or dismissal of the Producing Party Defendant from this action or the final non-appealable termination of this action.

(d)     Secure Storage, No Export. Protected Material must be stored and maintained by a Receiving Party at a location in the United States and in a secure manner that ensures that access is limited to the persons authorized under this Order.  Materials designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" produced by Defendant shall not be taken or reviewed outside the United States unless expressly agreed to in writing by the Producing Party.  If a deposition of a Producing Party's employee or 30(b)(6) designee occurs outside the United States, that Producing Party's Protected Materials may be taken outside the United States solely for purposes of their use

at that deposition. Any materials designated "HIGHLY CONFIDENTIAL – SOURCE CODE" are subject to the restrictions in paragraph 11(c)(ix).

(e) <u>Legal Advice Based on Protected Material</u>. Nothing in this Protective Order shall be construed to prevent counsel from advising their clients with respect to this case based in whole or in part upon Protected Materials, provided counsel does not disclose the Protected Material itself except as provided in this Order.

(f) <u>Limitations</u>. Nothing in this Order shall restrict in any way a Producing Party's use or disclosure of its own Protected Material. Nothing in this Order shall restrict in any way the use or disclosure of Discovery Material by a Receiving Party: (i) that is or has become publicly known through no fault of the Receiving Party; (ii) that is lawfully acquired by or known to the Receiving Party independent of the Producing Party; (iii) previously produced, disclosed and/or provided by the Producing Party to the Receiving Party or a non-party without an obligation of confidentiality and not by inadvertence or mistake; (iv) with the consent of the Producing Party; or (v) pursuant to order of the Court. However, if the accuracy of information is confirmed only through the review of Protected Material, then the information shall not be considered to be publicly known. For example, unsubstantiated media speculations or rumors that are later confirmed to be accurate through access to Protected Material are not "publicly known" information. Such information is explicitly included in the definition of "Protected Material" set forth in Paragraph 2(g) above.

(g) <u>Cross-Use Provision</u>. Any Discovery Materials that have been produced or generated or will be produced or generated by any Producing Party in this case or any of the following cases currently pending in this District (including deposition testimony) shall, subject to the provisions set forth below, be deemed to have been produced in each of the following cases currently pending in this District: 19-cv-1691, 19-cv-1692, 19-cv-1693, 19-cv-1694, 19-cv-1695, 19-cv-1697, 19-cv-1904 and 19-cv-1929. This Cross-Use Provision is subject to the following limitations:

(1) Any material subject to this provision shall retain the confidentiality designation provided by the Producing Party,

and shall be subject to the protections set forth in this Order and any additional protections set forth in any Protective Order entered in the Cross-Use Case or Cases in which the document is sought to be used.

(2) Access to material under this provision is limited to outside counsel of record in the Cross-Use Case or Cases in which the document is sought to be used, together with individuals entitled to access documents bearing the relevant confidentiality designation under a Protective Order entered in such Cross-Use Case or Cases.

(3) The Cross-Use Provision shall not apply to Discovery Material labeled "HIGHLY CONFIDENTIAL – SOURCE CODE."

(4) Nothing in this Cross-Use Provision shall be construed as authorizing Plaintiffs to share any Protected Material with any defendant not named in the above-captioned case as of the date of execution of this Order.

7. **DESIGNATING PROTECTED MATERIAL**

(a) <u>Available Designations</u>. Any Producing Party may designate Discovery Material with any of the following designations, provided that it meets the requirements for such designations as provided for herein: "CONFIDENTIAL," "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL - SOURCE CODE."

(b) <u>Written Discovery and Documents and Tangible Things</u>. Written discovery, documents (which include "electronically stored information," as that phrase is used in Federal Rule of Civil Procedure 34), and tangible things that meet the requirements for the confidentiality designations listed in Paragraph 7(a) may be so designated by placing the appropriate designation on every page of the written material prior to production. For digital files being produced, the Producing Party may mark each viewable page or image with the appropriate

designation, and mark the medium, container, and/or communication in which the digital files were contained. In the event that original documents are produced for inspection, the original documents shall be presumed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" during the inspection and re-designated, as appropriate during the copying process.

(c) Native Files. Where electronic files and documents are produced in native electronic format, such electronic files and documents shall be designated for protection under this Order by appending to the file names or designators information indicating whether the file contains "CONFIDENTIAL," "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL - SOURCE CODE," material, or the Producing Party shall use any other reasonable method for so designating Protected Materials produced in electronic format. When electronic files or documents are printed for use at deposition, in a Court proceeding, or for provision in printed form to an expert or consultant pre-approved pursuant to Paragraph 12, the Party printing the electronic files or documents shall affix a legend to the printed document corresponding to the designation of the Designating Party and including the production number and designation associated with the native file. No one shall seek to use in this litigation a .tiff, .pdf, or other image format version of a document produced in native file format without first (1) providing a copy of the image format version to the Producing Party so that the Producing Party can review the image to ensure that no information has been altered, and (2) obtaining the consent of the Producing Party, which consent shall not be unreasonably withheld.

(d) <u>Depositions and Testimony</u>. Parties or testifying persons or entities may designate depositions and other testimony with the appropriate designation by indicating on the record at the time the testimony is given or by sending written notice of which portions of the transcript of the testimony are so designated within thirty days of receipt of the transcript of the testimony. If no indication on the record is made, all information disclosed during a deposition shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" until the time within which it may be appropriately designated as provided for herein has passed. Any Party that wishes to disclose the transcript, or information contained therein, may provide written notice of its intent to treat the transcript as non-confidential, after which time, any Party that wants to

maintain any portion of the transcript as confidential must designate the confidential portions within seventeen days, absent written agreement by the parties for additional time, or else the transcript may be treated as non-confidential. Any Protected Material that is used in the taking of a deposition shall remain subject to the provisions of this Protective Order, along with the transcript pages of the deposition testimony dealing with such Protected Material. In such cases the court reporter shall be informed of this Protective Order and shall be required to operate in a manner consistent with this Protective Order. In the event the deposition is videotaped, the original and all copies of the videotape shall be marked by the video technician to indicate that the contents of the videotape are subject to this Protective Order, substantially along the lines of "This videotape contains confidential testimony used in this case and is not to be viewed or the contents thereof to be displayed or revealed except pursuant to the terms of the operative Protective Order in this matter or pursuant to written stipulation of the parties." Counsel for any Producing Party shall have the right to exclude from oral depositions, other than the deponent, deponent's counsel and the reporter and videographer (if any), any person who is not authorized by this Protective Order to receive or access Protected Material based on the designation of such Protected Material. Such right of exclusion shall be applicable only during periods of examination or testimony regarding such Protected Material.

## 8. <u>DISCOVERY MATERIAL DESIGNATED AS "CONFIDENTIAL"</u>

(a)     A Producing Party may designate Discovery Material as "CONFIDENTIAL" if it contains or reflects confidential, proprietary, and/or commercially sensitive information.

(b)     Unless otherwise ordered by the Court, Discovery Material designated as "CONFIDENTIAL" may be disclosed only to the following:

(i)     The Receiving Party's Outside Counsel, such counsel's immediate paralegals and staff, and any copying or clerical litigation support services working at the direction of such counsel, paralegals, and staff;

(ii)     Not more than three representatives of the Receiving Party who are officers or employees of the Receiving Party, who may be, but need not be, In-house Counsel for

the Receiving Party, as well as their immediate paralegals and staff, to whom disclosure is

reasonably necessary for this case, provided that:  (a) each such person has agreed to be bound

by the provisions of the Protective Order by signing a copy of Exhibit A; and (b) no

unresolved objections to such disclosure exist after proper notice has been given to all Parties

as set forth in Paragraph 12 below;

(iii)     Any outside expert or consultant retained by the Receiving Party to

assist in this action, provided that disclosure is only to the extent necessary to perform such

work; and provided that: (a) such expert or consultant has agreed to be bound by the provisions

of the Protective Order by signing a copy of Exhibit A; (b) such expert or consultant is not a

current officer, director, board member, or employee of a Party or of a competitor of a Party, nor

anticipated at the time of retention to become an officer, director, board member, or employee of

a Party or of a competitor of a Party; (c) such expert or consultant accesses the materials in the

United States only, and does not transport them to or access them from any foreign jurisdiction,

except that, for example, an expert or consultant may transport Protected Material outside of the

United States for the purpose of providing support to outside counsel of a party deposing

employees of another party or a third party resident overseas; and (d) no unresolved objections to

such disclosure exist after proper notice has been given to all Parties as set forth in Paragraph 12

below.  If an unresolved objection to such disclosures exists, the Parties agree to promptly confer

and use good faith to resolve any such objection;

(iv)     Court reporters, stenographers, and videographers retained to record

testimony taken in this action;

(v)     The Court, jury, and Court personnel;

(vi)     Graphics, translation, design, and/or trial consulting personnel,

having first agreed to be bound by the provisions of the Protective Order by signing a copy of

Exhibit A;

(vii)     Mock jurors retained by a trial consulting firm in connection with

this litigation having first signed an undertaking or agreement agreeing not to publicly disclose

Protected Material and to keep any information concerning Protected Material confidential to the same degree as required by this Protective Order;

(viii) Any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order; and

(ix) Any other person with the prior written consent of the Producing Party.

9. **DISCOVERY MATERIAL DESIGNATED AS "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"**

(a) A Producing Party may designate Discovery Material as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" if it contains or reflects information that is extremely confidential and/or sensitive in nature and the Producing Party reasonably believes that the disclosure of such Discovery Material is likely to cause economic harm or significant competitive disadvantage to the Producing Party. The Parties agree that the following information, if non-public, shall be presumed to merit the "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" designation: trade secrets, pricing information, financial data, sales information, sales or marketing forecasts or plans, business plans, sales or marketing strategy, product development information, engineering documents, testing documents, employee information, and other non-public information of similar competitive and business sensitivity.

(b) Unless otherwise ordered by the Court, Discovery Material designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" may be disclosed only to:

(i) The Receiving Party's Outside Counsel, provided that such Outside Counsel is not involved in competitive decision-making on behalf of a Party or a competitor of a Party, and such Outside Counsel's immediate paralegals and staff, and any copying or clerical litigation support services working at the direction of such counsel, paralegals, and staff; and

(ii)     The individuals listed in paragraphs 8(b)(iii-ix), provided that such individuals are not involved in competitive decision-making on behalf of a Party or a competitor of a Party.

10.     **DISCOVERY MATERIAL DESIGNATED AS "HIGHLY CONFIDENTIAL - SOURCE CODE"**

(a)     To the extent production of Source Code becomes necessary to the prosecution or defense of the case, a Producing Party may designate Source Code as "HIGHLY CONFIDENTIAL - SOURCE CODE" if it comprises or includes confidential, proprietary, and/or trade secret Source Code.

(b)     Nothing in this Order shall be construed as a representation or admission that Source Code is properly discoverable in this action, or to obligate any Party to produce any Source Code.

(c)     Unless otherwise ordered by the Court, Discovery Material designated as "HIGHLY CONFIDENTIAL - SOURCE CODE" shall be subject to the provisions set forth in Paragraph 11 below, and may be disclosed, subject to Paragraph 11 below, solely to:

(i)     The Receiving Party's Outside Counsel, provided that such Outside Counsel is not involved in competitive decision-making on behalf of a Party or a competitor of a Party, and such Outside Counsel's immediate paralegals and staff, and any copying or clerical litigation support services working at the direction of such counsel, paralegals, and staff; and

(ii)     The individuals listed in paragraphs 8(b)(iii-vi and viii-ix), provided that such individuals are not involved in competitive decision-making on behalf of a Party or a competitor of a Party.

11.     **DISCLOSURE AND REVIEW OF SOURCE CODE**

(a)     Any Source Code that is produced by Plaintiffs shall be made available for inspection in electronic format at the Boston office of its Outside Counsel, Prince Lobel Tye LLP, or any other location mutually agreed by the Parties.  Any Source Code that is produced by Defendant will be made available for inspection at the East Palo Alto, California office of its outside counsel, DLA Piper LLP (US).  Source Code will be made available for inspection

between the hours of 8:00 a.m. and 7:30 p.m. on business days (i.e., weekdays that are not Federal holidays). The Parties will be reasonable in accommodating reasonable requests to alter these hours so long as reasonable advanced notice, and in no event less than three business days' notice, of any such reasonable requests is provided.

(b)     Prior to the first inspection of any requested Source Code, the parties agree to meet and confer regarding the review and production of Source Code if requested by either Party. Further, the Receiving Party shall provide ten days' notice for its initial review of any Source Code that it wishes to inspect. The Receiving Party shall provide two days' notice prior to any additional inspections.

(c)     Source Code that is designated "HIGHLY CONFIDENTIAL – SOURCE CODE" shall be produced for inspection and review subject to the following provisions, unless otherwise agreed by the Producing Party:

(i)     All Source Code shall be made available by the Producing Party to the Receiving Party's Outside Counsel and/or experts in a secure room on a secured computer without Internet access or network access to other computers and on which all access ports have been disabled, as necessary and appropriate to prevent and protect against any unauthorized copying, transmission, removal, or other transfer of any Source Code outside or away from the computer on which the Source Code is provided for inspection (the "Source Code Computer" in the "Source Code Review Room"). The Source Code Computer shall be password protected. The Producing Party shall produce Source Code in computer searchable format on the Source Code Computer and in the file format in which the Source Code is kept in the ordinary course of the Producing Party's business. The Producing Party shall provide the Receiving Party with information explaining how to start, log on to, and operate the stand-alone computer(s) in order to access the produced Source Code.

(ii)     The Producing Party shall install tools that are sufficient for viewing and searching the code produced, on the platform produced, if such tools exist and are presently used in the ordinary course of the Producing Party's business. The Producing Party shall include the review tool "UNDERSTAND" on the secured computer. The Receiving Party's

outside counsel and/or experts may request that additional commercially available software tools for viewing and searching Source Code be installed on the secured computer, provided, however, that (a) the Receiving Party possesses an appropriate license to such software tools; (b) the Producing Party approves such software tools; and (c) such software tools can execute on the secured computer and are reasonably necessary for the Receiving Party to perform its review of the Source Code consistent with all of the protections herein.  The Receiving Party must provide the Producing Party with a CD or DVD (or other appropriate medium) containing such licensed software tool(s) at least seven days in advance of the date upon which the Receiving Party wishes to have the additional software tools available for use on the Source Code Computer.

(iii)     No recordable media or recordable devices, including without limitation sound recorders, personal digital assistants (PDAs), cellular telephones, peripheral equipment, cameras, voice recorders, Dictaphones, telephone jacks, CDs, DVDs, or drives of any kind (e.g., USB memory sticks and portable hard drives), shall be permitted into the Source Code Review Room.  No non-electronic devices capable of similar functionality shall be permitted in the Source Code Review Room.

(iv)     Non-Networked Computer for Note-Taking Purposes Only: The Receiving Party's Outside Counsel and/or experts shall be entitled to take notes relating to the Source Code but may not copy or transcribe the Source Code or any portion thereof into the notes.  The Receiving Party's expert(s) and/or consultant may use a single Notetaking Computer in the review room for the sole purpose of taking and reviewing his or her notes.  The Notetaking Computer shall be provided to the Receiving Party by the Producing Party at the beginning of the first inspection, and shall have commercially reasonable processing power and storage facilities. The Receiving Party may maintain the Notetaking Computer in its possession until ninety days following final termination of this matter, after which it must destroy the Notetaking Computer or return it to the Producing Party.  The Receiving Party shall treat the Notetaking Computer, and any notes on it, with the same precautions as are required for printed copies of source code.  The Producing Party shall install on the Notetaking Computer reasonable word-processing software as requested by the Receiving Party.  The WiFi, Bluetooth, and camera functionalities on the

AGREED PROTECTIVE ORDER RE DISCLOSURE & USE OF DISCOVERY
MATERIALS / CASE NO. 5:19-CV-01692-EJD

Notetaking Computer will be permanently disabled. The taking of photographs or video shall not be permitted in the Source Code Review Room. The Producing Party may inspect the Receiving Party's Notetaking Computer to be used in the Source Code Review Room, but solely to ensure that it is the same Notetaking Computer previously provided. Such inspection shall be conducted in the Receiving Party's presence and should not count against Receiving Party's review time. The Producing Party may not look at any notes or files on the Notetaking Computer at any time. The Receiving Party shall not install or insert any added functionality whatsoever as to the Notetaking computer, and shall not attempt to connect the Notetaking Computer to any network.

(v)     The Producing Party may visually monitor the activities of the Receiving Party's representatives during any Source Code review, but only to ensure that no unauthorized electronic records of the Source Code and no information concerning the Source Code are being created or transmitted in any way. Any observer used by the Producing Party may monitor the Receiving Party's representatives during the Source Code review through a glass partition and so as to refrain from overhearing a conversation (in order that the Receiving Party's representatives can discuss the Source Code in the course of their review). During the Receiving Party's review of the Source Code, the Producing Party shall not otherwise interfere with the Receiving Party's review of the Source Code and shall not be permitted access to the Receiving Party's notes, work product, or discussions inside the review room or following each day's inspection of the Source Code. During the Source Code review, the Producing Party agrees to provide a "break-out" room for the Receiving Party's Source Code reviewer(s) to make phone calls and work. To the extent such a break-out room is not reasonably available, the Producing Party agrees to so notify the Receiving Party at least three business days in advance of any day on which the Receiving Party's Source Code reviewers are expected to inspect the Source Code. No copies of all or any portion of the Source Code may leave the Source Code Review Room except as otherwise provided herein. Further, no other written or electronic record of the Source Code is permitted except as otherwise provided herein. The Receiving Party may request paper copies of limited portions of source code that are reasonably necessary for the preparation of court filings, pleadings, expert reports, or other papers, and only to the extent necessary for use in

this action.  The Receiving Party shall not request printing of Source Code in order to review

blocks of Source Code elsewhere in the first instance, i.e., as an alternative to reviewing that

Source Code electronically on the Source Code Computer, as the Parties acknowledge and agree

that the purpose of the protections herein would be frustrated by printing portions of code for

review and analysis elsewhere, and printing is permitted only when necessary to prepare Court

filings or pleadings or other papers (including a testifying expert's expert report).  The Producing

Party shall number, copy, and label "HIGHLY CONFIDENTIAL – SOURCE CODE" any pages

requested by the Receiving Party.  Within three business days, the Producing Party shall either (i)

provide one copy set of such pages to the Receiving Party, or (ii) inform the Requesting Party that

it objects that the printed portions are excessive and/or not done for a permitted purpose.  If, after

conferring within one business day of any objections, the Producing Party and the Receiving

Party cannot resolve the objection, the ~~Producing Party~~ parties shall within seven days of the conference submit a joint discovery dispute letter in compliance with Judge DeMarchi's Standing Order for Civil Cases, ~~move the Court for a Protective Order and shall agree to expedited briefing of the motion, failing~~ ~~any of which, the Producing Party shall provide one copy set of the requested pages to the~~ ~~Receiving Party within two days.[‡]~~  The printed pages shall constitute part of the Source Code

produced by the Producing Party in this action.  Access to the Source Code Computer shall be

limited to seven Outside Counsel representing the Reviewing Party and seven outside consultants

or experts retained by the Reviewing Party.  All persons viewing Source Code shall sign on each

day they view Source Code a log that will include the names of persons who enter the Source

Code Review Room to view the Source Code and when they enter and depart.  The Producing

Party shall be entitled to a copy of the log upon seven days' advance notice to the Receiving

Party.

(vi)    Unless otherwise agreed in advance by the Parties in writing,

following each day on which inspection is done under this Order, the Receiving Party's Outside

---

~~[‡] Both Parties agree that the briefing period and page limits for such motions for a protective order shall be as follows: (1) Producing Party shall file the motion by 5PM Pacific time no later than seven days after the conference with an agreed motion for expedited briefing as set forth herein; (2) Receiving Party's Response shall fall due within seven  days.  Both the Producing and Receiving Party further agree that briefing for such motions shall be limited to no more than five  pages for the motion and five  pages for the response to the motion.  The parties further agree that neither reply nor sur-reply briefs shall be filed in connection with such motions.~~

Counsel and/or experts shall remove all notes, documents, and all other materials from the Source Code Review Room and shall maintain any such notes in a manner that prevents duplication of or unauthorized access to the Source Code. Any such notes must be marked on each page with the designation – "HIGHLY CONFIDENTIAL – SOURCE CODE." The Producing Party shall not be responsible for any items left in the Source Code Review Room, including but not limited to preserving the confidentiality of any such items, following each inspection session. Proper identification of all authorized persons shall be provided prior to any access to the Source Code Review Room or the Source Code Computer. Proper identification requires showing, at a minimum, a photo identification card sanctioned by the government of any State of the United States, by the government of the United States, or by the nation state of the authorized person's current citizenship. Access to the Source Code Review Room or the Source Code Computer may be denied, at the discretion of the supplier, to any individual who fails to provide proper identification.

(vii)     Other than as provided above, the Receiving Party will not copy, remove, or otherwise transfer any Source Code from the Source Code Computer including, without limitation, copying, removing, or transferring the Source Code onto any recordable media or recordable device. The Receiving Party will not transmit any Source Code in any way from the Producing Party's facilities or the offices of its Outside Counsel.

(viii)     The Receiving Party's Outside Counsel may make no more than four additional paper copies of any portions of the Source Code received from a Producing Party pursuant to Paragraph 11 not including copies attached to Court filings or for use at depositions (as indicated in Paragraph 11(c)(ix) below), and shall maintain a log of all paper copies of the Source Code. The Receiving Party's Outside Counsel and any person receiving a copy of any Source Code shall maintain and store any paper copies of the Source Code at their offices in a manner that prevents duplication of or unauthorized access to the Source Code, including, without limitation, storing the Source Code in a locked room or cabinet at all times when it is not in use. No more than a total of fourteen individuals identified by the Receiving Party shall have access to the printed portions of Source Code (except insofar as such code appears in any Court filing or

expert report). Copies of Source Code that are marked as deposition exhibits shall not be

provided to the Court Reporter or attached to deposition transcripts; rather, the deposition record

will identify the exhibit by its production numbers. The Receiving Party may bring copies of the

printed Source Code to the deposition unless the Producing Party notifies Receiving Party in

advance of the deposition that the Producing Party will provide a Source Code computer at the

deposition containing all source code, in computer-searchable format, previously produced by the

Producing Party.[2] Further, the Receiving Party may bring to the deposition copies of any expert

reports or pleadings containing source code, including any annotated copies of such documents

containing source code.

(ix) Except as provided in this sub-paragraph, absent express written

permission from the Producing Party, the Receiving Party may not create electronic images, or

any other images, or make electronic copies of the Source Code from any paper copy of Source

Code for use in any manner (including by way of example only, the Receiving Party may not scan

the Source Code to a PDF or photograph the code) except in preparation for or in connection

with: (i) filing (under seal) and service of papers, motions, and pleadings; (ii) expert reports; and

(iii) a hearing or trial in this matter. Any such electronic copies shall be password protected and

encrypted. Any such electronic copies shall be included in the log generated pursuant to this

subsection. Access to such electronic copies of source code printouts, but not expert reports, will

be limited to seven individuals, and such electronic copies are to be made strictly for the purposes

of filings or hearings. Images or copies of Source Code shall not be included in correspondence

between the Parties (references to production numbers shall be used instead), and shall be omitted

from pleadings and other papers whenever possible. If a Party reasonably believes that it needs to

submit a portion of Source Code as part of a filing with the Court, the Parties shall meet and

confer as to how to make such a filing while protecting the confidentiality of the Source Code and

such Source Code will not be filed absent agreement from the Producing Party that the

confidentiality protections will be adequate. If a Producing Party agrees to produce an electronic

---

[2] Such Source Code computer(s) for use during depositions must, at a minimum, meet the specifications of Paragraph (ii-v) above.

copy of all or any portion of its Source Code or provide written permission to the Receiving Party

that an electronic or any other copy needs to be made for a Court filing, access to the Receiving

Party's submission, communication, and/or disclosure of electronic files or other materials

containing any portion of Source Code (paper or electronic) shall at all times be limited solely to

individuals who are expressly authorized to view Source Code under the provisions of this Order.

Where the Producing Party has provided the express written permission required under this

provision for a Receiving Party to create electronic copies of Source Code, the Receiving Party

shall maintain a log of all such electronic copies of any portion of Source Code in its possession

or in the possession of its retained consultants, including the names of the reviewers and/or

recipients of any such electronic copies, and the locations and manner in which the electronic

copies are stored. Additionally, any such electronic copies must be labeled "HIGHLY

CONFIDENTIAL - SOURCE CODE" as provided for in this Order.

12. **NOTICE OF DISCLOSURE**

(a)      Prior to disclosing any Protected Material to any person described in

Paragraphs 8(b)(iii) (referenced below as "Person"), the Party seeking to disclose such

information shall provide the Producing Party with written notice that includes:

(i) the name of the Person;

(ii) an up-to-date curriculum vitae of the Person;

(iii) the present employer and title of the Person;

(iv) an identification of all of the Person's past and current employment and consulting

relationships, including direct relationships and relationships through entities

owned or controlled by the Person;

(v) a list of the cases in which the Person has testified at deposition or trial within the last

five years; and

(vi) an identification of all pending patent applications on which the Person is named as an

inventor, or in which the Person has any ownership interest.

Further, the Party seeking to disclose Protected Material shall provide such other

information regarding the Person's professional activities reasonably requested by the Producing

Party for it to evaluate whether good cause exists to object to the disclosure of Protected Material to the outside expert or consultant. Any Party seeking to disclose Protected Material to more than a total of seven persons described in Paragraph 8(b)(iii) shall provide a written explanation alongside the Notice of Disclosure detailing the good faith basis for requesting disclosure to such additional person(s).

(b)     Within ten days of receipt of the disclosure of the Person, the Producing Party or Parties may object in writing to the Person for good cause. In the absence of an objection at the end of the ten day period, the Person shall be deemed approved under this Protective Order. There shall be no disclosure of Protected Material to the Person prior to expiration of this ten day period. If the Producing Party objects to disclosure to the Person within such ten day period, the Parties shall meet and confer via telephone or in person within seven days following the objection and attempt in good faith to resolve the dispute on an informal basis. If the dispute is not resolved, the ~~Party objecting to the disclosure~~ parties will have seven days from the date of the meet and confer to ~~seek relief from the Court.~~ submit a joint letter brief in compliance with Judge DeMarchi's Standing Order for Civil Cases. If relief is not sought from the Court within that time, the objection shall be deemed withdrawn. If relief is sought, designated materials shall not be disclosed to the Person in question until the Court resolves the objection.

(c)     For purposes of this section, "good cause" shall include an objectively reasonable concern that the Person will use or disclose Discovery Materials in a way or ways that would violate one or more provisions contained in this Order, whether intentionally or inadvertently.

(d)     Prior to receiving any Protected Material under this Order, the Person must execute a copy of the "Agreement to Be Bound by Protective Order" (Exhibit A hereto) and serve it on all Parties.

(e)     An initial failure to object to a Person under this Paragraph 12 shall not preclude the non-objecting Party from later objecting to continued access by that Person for good cause. If an objection is made, the Parties shall meet and confer via telephone or in person within three days following the objection and attempt in good faith to resolve the dispute informally. If the dispute is not resolved, the ~~Party objecting to the disclosure~~ parties will have three days from the date

submit a joint discovery letter brief in compliance with Judge DeMarchi's Standing Order for Civil Cases. of the meet and confer to ~~seek relief from the Court.~~ The designated Person may continue to have access to information that was provided to such Person prior to the date of the objection. If a later objection is made, no further Protected Material shall be disclosed to the Person until the Court resolves the matter or the Producing Party withdraws its objection. Notwithstanding the foregoing, if ~~the Producing Party fails to move for a protective order~~ <sup>no joint discovery letter brief is filed</sup> within three days after the meet and confer, further Protected Material may thereafter be provided to the Person.

13. **CHALLENGING DESIGNATIONS OF PROTECTED MATERIAL**

(a)    A Party shall not be obligated to challenge the propriety of any designation of Discovery Material under this Order at the time the designation is made, and a failure to do so shall not preclude a subsequent challenge thereto.

(b)    Any challenge to a designation of Discovery Material under this Order shall be written, shall be served on Outside Counsel for the Producing Party, shall particularly identify the documents or information that the Receiving Party contends should be differently designated, and shall state the grounds for the objection. Thereafter, further protection of such material shall be resolved in accordance with the following procedures:

(i)    The objecting Party shall have the burden of conferring either in person, in writing, or by telephone with the Producing Party claiming protection (as well as any other interested party) in a good faith effort to resolve the dispute. The Producing Party shall have the burden of justifying the disputed designation;

(ii)    Failing agreement, ~~the Receiving Party may bring a motion to the Court for a ruling that the Discovery Material in question is not entitled to the status and protection of the Producing Party's designation.~~ <sup>the parties shall comply with the discovery dispute procedures outlined in Judge DeMarchi's Standing Order for Civil Cases.</sup> The Parties' entry into this Order shall not preclude or prejudice either Party from arguing for or against any designation, establish any presumption that a particular designation is valid, or alter the burden of proof that would otherwise apply in a dispute over discovery or disclosure of information;

(iii)    Notwithstanding any challenge to a designation, the Discovery Material in question shall continue to be treated as designated under this Order until one of the following occurs: (a) the Party who designated the Discovery Material in question withdraws

such designation in writing; or (b) the Court rules that the Discovery Material in question is not entitled to the designation.

## 14. **SUBPOENAS OR COURT ORDERS**

If at any time documents containing Protected Information are requested or subpoenaed by any court, arbitral, administrative or legislative body, or are otherwise requested in discovery, the party receiving the request shall immediately give written notice thereof to every party whose Protected Information has been requested and to its counsel and shall copy Outside Counsel for the Parties on any such communication and shall provide each such Party with an opportunity to object to the production of such documents. If a Producing Party does not take steps to prevent disclosure of such documents within ten business days of the date written notice is given, the party to whom the referenced subpoena or request is directed may produce such documents only after written permission is granted, the Court has so Ordered, or the ten day period has lapsed, but shall take all reasonable measures to have such documents treated in accordance with terms of this Protective Order.

## 15. **FILING PROTECTED MATERIAL**

(a)     Absent written permission from the Producing Party or a Court Order secured after appropriate notice to all interested persons, a Receiving Party may not file or disclose in the public record any Protected Material.

(b)     Any Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5(e) is denied by the court, then the Receiving Party may file the Protected Material in the public record pursuant to Civil Local Rule 79-5(e)(2) unless otherwise instructed by the court.

## 16. **INADVERTENT DISCLOSURE OF PRIVILEGED MATERIAL**

(a)     The inadvertent production by a Party of Discovery Material subject to the

attorney-client privilege, work-product protection, or any other applicable privilege or protection,

despite the Producing Party's reasonable efforts to prescreen such Discovery Material prior to

production, will not waive the applicable privilege and/or protection if a request for return of such

inadvertently produced Discovery Material is made promptly after the Producing Party learns of

its inadvertent production.

(b) Upon a request from any Producing Party who has inadvertently produced

Discovery Material that it believes is privileged and/or protected, each Receiving Party shall

immediately return such Protected Material or Discovery Material and all copies to the Producing

Party, except for any pages containing privileged markings by the Receiving Party which shall

instead be destroyed and certified as such by the Receiving Party to the Producing Party.

(c) Nothing herein shall prevent the Receiving Party from preparing a record for

its own use containing the date, author, addresses, and topic of the inadvertently produced

Discovery Material and such other information as is reasonably necessary to identify the Discovery

Material and describe its nature to the Court in any ~~motion to compel~~ discovery letter brief seeking production of the Discovery

Material.

17. **INADVERTENT FAILURE TO DESIGNATE PROPERLY**

(a) The inadvertent failure by a Producing Party to designate Discovery

Material as Protected Material with one of the designations provided for under this Order shall

not waive any such designation provided that the Producing Party notifies all Receiving Parties

that such Discovery Material is protected under one of the categories of this Order within fourteen

days of the Producing Party learning of the inadvertent failure to designate. The Producing Party

shall reproduce the Protected Material with the correct confidentiality designation within seven

days upon its notification to the Receiving Parties.  Upon receiving the Protected Material with

the correct confidentiality designation, the Receiving Parties shall return or securely destroy, at

the Producing Party's option, all Discovery Material that was not designated properly.

(b) A Receiving Party shall not be in breach of this Order for any use of such

Discovery Material before the Receiving Party receives such notice that such Discovery Material

is protected under one of the categories of this Order.  Once a Receiving Party has received

AGREED PROTECTIVE ORDER RE DISCLOSURE & USE OF DISCOVERY
MATERIALS / CASE NO. 5:19-CV-01692-EJD

notification of the correct confidentiality designation for the Protected Material with the correct confidentiality designation, the Receiving Party shall treat such Discovery Material (subject to the exception in Paragraph 17(c) below) at the appropriately designated level pursuant to the terms of this Order.

(c)     Notwithstanding the above, a subsequent designation of CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" shall apply on a going forward basis and shall not disqualify anyone who reviewed "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" materials while the materials were not marked "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" from engaging in the activities set forth in Paragraph 6(b).

## 18.     **INADVERTENT DISCLOSURE NOT AUTHORIZED BY ORDER**

(a)     In the event of a disclosure of any Discovery Material pursuant to this Order to any person or persons not authorized to receive such disclosure under this Protective Order, the Party responsible for having made such disclosure, and each Party with knowledge thereof, shall immediately notify counsel for the Producing Party whose Discovery Material has been disclosed and provide to such counsel all known relevant information concerning the nature and circumstances of the disclosure.  The responsible disclosing Party shall also promptly take all reasonable measures to retrieve the improperly disclosed Discovery Material and to ensure that no further or greater unauthorized disclosure and/or use thereof is made

(b)     Unauthorized or inadvertent disclosure does not change the status of Discovery Material or waive the right to hold the disclosed document or information as Protected.

## 19.     **FINAL DISPOSITION**

(a)     Not later than ninety days after the Final Disposition of this case, each Party shall return all Discovery Material of a Producing Party to the respective Outside Counsel of the Producing Party or destroy such Material, at the option of the Producing Party.  For purposes of this Order, "Final Disposition" occurs after an order, mandate, or dismissal finally

-24-

terminating all claims asserted against all Parties in each of these related cases with prejudice, including all appeals.

(b)     All Parties that have received any such Discovery Material shall certify in writing that all such materials have been returned to the respective Outside Counsel of the Producing Party or destroyed.  Notwithstanding the provisions for return of Discovery Material, Outside Counsel may retain one set of pleadings, correspondence and attorney and consultant work product (but not document productions) for archival purposes, but must return any pleadings, correspondence, and consultant work product that contain Source Code.

20.     **DISCOVERY FROM EXPERTS OR CONSULTANTS**

(a)     Drafts of reports of testifying experts, and reports and other written materials, including drafts, of consulting experts, shall not be discoverable.

(b)     Reports and materials exempt from discovery under the foregoing Paragraph shall be treated as attorney work product for the purposes of this case and Protective Order.

21.     <u>**MISCELLANEOUS**</u>

(a)     <u>Non-Party Use of this Order</u>.  The parties shall disclose this Protective Order to all non-parties producing information or material pursuant to a subpoena or Court order in these related cases.  A non-party producing information or material voluntarily or pursuant to a subpoena or a court order may designate such material or information under this Protective Order, and shall be considered a Producing Party under this Protective Order.  A non-party's use of this Protective Order to protect its confidential information does not entitle that non-party access to Protected Material produced by any Party.

(b)     <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.  By stipulating to this Order, the Parties do not waive the right to argue that certain material may require additional or different confidentiality protections than those set forth herein.

(c)     <u>Termination of Matter and Retention of Jurisdiction</u>.  The Parties agree that the terms of this Protective Order shall survive and remain in effect after the Final ~~Determination~~ Disposition

AGREED PROTECTIVE ORDER RE DISCLOSURE & USE OF DISCOVERY
MATERIALS / CASE NO. 5:19-CV-01692-EJD

in this matter.  The Court shall retain jurisdiction for 90 days after the termination of the matter to hear and resolve any disputes arising out of this Protective Order.

(d)　　<u>Successors</u>.  This Order shall be binding upon the Parties hereto, their attorneys, and their successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, retained consultants and experts, and any persons or organizations over which they have direct control.

(e)　　<u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.  This Order shall not constitute a waiver of the right of any Party to claim in these related actions or otherwise that any Discovery Material, or any portion thereof, is privileged or otherwise non-discoverable, or is not admissible in evidence in these related actions or any other proceeding.

(f)　　<u>Burdens of Proof</u>.  Notwithstanding anything to the contrary above, nothing in this Protective Order shall be construed to change the burdens of proof or legal standards applicable in disputes regarding whether particular Discovery Material is confidential, which level of confidentiality is appropriate, whether disclosure should be restricted, and if so, what restrictions should apply.

(g)　　<u>Modification by Court</u>.  This Order is subject to further Court order based upon public policy or other considerations, and the Court may modify this Order *sua sponte* in the interests of justice. The United States District Court for the Northern District of California is responsible for the interpretation and enforcement of this Order.  All disputes concerning Protected Material, however designated, produced under the protection of this Order shall be resolved by the United States District Court for the Northern District of California.

PURSUANT TO STIPULATION, AS MODIFIED BY THE COURT,

**SO ORDERED.**

^

Dated:　January 17, 2020

Honorable ~~Edward J. Davila~~ Virginia K. DeMarchi
United States ~~District Court~~ Judge
Magistrate

# EXHIBIT A

I, _____, acknowledge and declare that I have received a

copy of the Protective Order ("Order") in *Uniloc 2017 LLC . v. Apple Inc.*, United States

District Court, Northern District of California, Civil Action No. 5:19-cv-1692-EJD.  Having

read and understood the terms of the Order, I agree to be bound by the terms of the Order and

consent to the jurisdiction of said Court for the purpose of any proceeding to enforce the

terms of the Order.

Name of individual: _____

Present occupation/job description: _____

_____

_____

Name of Company or Firm: _____

Address:_____

Dated: _____

_____

**[SIGNATURE]**