UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNILOC USA, INC., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC.,<br><br>Defendant. | Case No. 19-cv-01692-EJD (VKD)<br><br>**ORDER RE THIRD PARTY SUBPOENA TO PENDRELL**<br><br>Re: Dkt. No. 90 |

Defendant Apple Inc. ("Apple") and third party Pendrell Technologies LLC ("Pendrell") ask the Court to resolve their dispute concerning Apple's subpoena for deposition transcripts and deposition testimony from Pendrell. Dkt. No. 90. The Court deems this matter suitable for resolution without oral argument. *See* Civil L.R. 7-1(b).

For the reasons explained below, the Court concludes that Apple may obtain discovery of the transcripts of prior Pendrell depositions involving the same patent portfolio and ownership history at issue in this case, and that Apple may take a single deposition of Pendrell for use in the four Uniloc actions against Apple.

**I.  DISCUSSION**

  **A.  Deposition Testimony**

On January 27, 2020, Apple served a subpoena for the production of documents and for deposition testimony on Pendrell. Dkt. No. 90-1. Pendrell (or its subsidiary) is a prior assignee of a patent portfolio that includes the patent asserted by plaintiff Uniloc USA, Inc. ("Uniloc") against Apple in this action, as well as other patents asserted by Uniloc against Apple in three other actions. Dkt. 90 at 1, 3. The dispute concerns Request No. 4 of the subpoena, which asks Pendrell to produce "[a]ll deposition transcripts and documents produced in cases involving Uniloc." Dkt.

No. 90-1 a 14. Pendrell does not object to producing the requested documents and also has agreed to produce the requested transcripts, but only so long as Apple's own deposition of Pendrell is reduced by the amount of time Pendrell's witness testified in prior depositions.[1] Dkt. No. 90 at 5.

According to Pendrell, it has provided deposition testimony on two occasions. First, Huawei and Samsung jointly deposed Pendrell in connection with eight Uniloc actions, four each against Huawei and Samsung. Second, Google deposed Pendrell in connection with one Uniloc action against Google. *Id.* at 3. Pendrell says that transcripts of these depositions reflect approximately 12 hours of deposition testimony. *Id.* at 5. Apple argues—and Pendrell does not dispute—that these prior Pendrell depositions concern the same ownership history for the patent asserted against Apple in this case and the patents asserted in the other three Uniloc actions against Apple. *Id.* at 2, 3.

Pendrell does not dispute that the discovery Apple seeks is relevant and does not contend that production of the transcripts is burdensome. Rather, Pendrell objects that requiring it to provide a witness to testify for up to seven hours, after Pendrell has already provided Apple with transcripts of prior relevant deposition testimony, is burdensome and not proportional to the needs of the case. *Id.* at 4. To limit this burden, Apple proposes taking one deposition of Pendrell, not to exceed seven hours, covering all four of the Uniloc actions against Apple. *Id.* at 1.

Pendrell argues that Apple improperly seeks "cloned discovery"—i.e., the results of other parties' efforts to obtain discovery in other cases. The Court is not persuaded. Apple seeks discovery from the source of the information, Pendrell, not from others who have gone to the trouble and expense to obtain it first. *See, e.g.*, *Barrella v. Village of Freeport*, No. 12-cv-0348, 2012 WL 6103222, at *3 (E.D.N.Y. Dec. 8, 2012) (distinguishing between subpoena directed to source of information and subpoena directed to party in another case who had previously subpoenaed same source). In addition, Pendrell does not complain that Apple's discovery requests are insufficiently tailored or are so broad as to encompass irrelevant material. *See, e.g.*, *Schneider v. Chipotle Mexican Grill Inc.*, No. 16-cv-02200, 2017 WL 1101799 at *3–4 (N.D. Cal. Mar. 24,

---

[1] Neither party explains how much time Pendrell proposes to allot to Apple for Apple's own deposition. Apple describes it as "mere minutes."

2

2017) (permitting discovery of documents produced in separate cases with factual and legal overlap); *Capital Ventures Int'l v. J.P. Morgan Mortg. Acquisition Corp.*, No. 12-10085, 2014 WL 1431124, at *1 (D. Mass. Apr. 14, 2014) (distinguishing between discovery of testimony in limited number of similar actions and discovery of testimony in wholly unrelated cases). Here, the burden of which Pendrell complains principally results from the number of lawsuits Uniloc has filed against multiple targets, rather than disproportionate discovery demands by Apple in this case.

Apple may take one deposition of Pendrell across all four Uniloc cases against Apple. The total deposition time must not exceed seven hours, even if more than one witness testifies on behalf of Pendrell. The Court expects that Apple will endeavor to avoid duplicative and repetitive questioning in its deposition of Pendrell.

### B. Protective Order Issue

Pendrell alludes to a protective order or orders that may govern disclosure of the deposition transcripts in the other matters against Huawei, Samsung, and Google. However, Pendrell does not argue that this protective order bars the production of any of the material Apple subpoenas. Pendrell bears the burden of demonstrating that a protective order bars disclosure of the transcripts to Apple, and it has not met that burden. The Court expects Pendrell to seek the consent of any person or entity whose permission for disclosure is required under a protective order in any other case, and to confer promptly with Apple about any necessary steps that must be taken to obtain such permission.

**IT IS SO ORDERED.**

Dated: March 24, 2020

VIRGINIA K. DEMARCHI
United States Magistrate Judge