UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNILOC USA, INC., et al.,<br><br>      Plaintiffs,<br><br>   v.<br><br>APPLE INC,<br><br>      Defendant. | Case No. 5:19-cv-01692-EJD<br><br>**ORDER GRANTING MOTION TO SUBSTITUTE PARTY**<br><br>Re: Dkt. No. 98 |

Before the Court is the motion of Plaintiffs Uniloc USA, Inc. ("Uniloc USA") and Uniloc Luxembourg S.A. ("Uniloc Luxembourg" and together with Uniloc USA, "Plaintiffs") to substitute Uniloc 2017 LLC ("Uniloc 2017"), the new owner of the patent-in-suit, as the plaintiff pursuant to Rule 25(c) of the Federal Rules of Civil Procedure. Dkt. No. 98 (the "Motion"). The Court took the matter under submission for decision without oral argument pursuant to Civil Local Rule 7-1(b). Having considered the arguments of the parties and all papers and evidence submitted, the Court **GRANTS** Plaintiffs' Motion.

**I.  Background**

Plaintiffs filed this lawsuit in the Western District of Texas on February 22, 2018, alleging patent infringement. *See* Complaint, Dkt. No. 1. When the Complaint was filed, Uniloc Luxembourg was the owner of the patents-in-suit. *Id.* at ¶ 7. Plaintiff asserts that in an assignment that became effective as of May 2018, Uniloc Luxembourg assigned all its rights, interest, and title in the patent-in-suit, including the right to all causes of action, to Uniloc 2017. *See* Declaration of James J. Foster, Dkt. No. 98-1 ¶ 2. On April 2, 2019, the case was transferred to this Court. Dkt. No. 54.

Case No.: 5:19-cv-01692-EJD
ORDER GRANTING MOTION TO SUBSTITUTE PARTY
1

On January 6, 2020, Plaintiffs informed this Court of their intent to file a motion to add Uniloc 2017 as a party to this action. Joint Case Management Statement and Discovery Plan, Dkt. No. 78. Approximately three months later, on April 1, 2020, Plaintiffs filed the present motion to substitute Uniloc 2017 as plaintiff.

Defendant opposes the motion. Dkt. No. 101 ("Opposition"). Before the Motion was filed, Defendant propounded discovery on Plaintiffs, Plaintiffs responded to those requests, and Defendant submitted discovery disputes to the Court relating to those responses. *Id.* Defendant argues that permitting Plaintiffs to substitute Uniloc 2017 at this stage in the proceedings will cause delay and prejudice to Defendant by forcing it to re-serve discovery on Uniloc 2017. *Id.*

## II. Legal Standard

Federal Rule of Civil Procedure 25(c) governs the joinder of a party in an action where there is a transfer of interest:[1]

> (c) Transfer of Interest. If an interest is transferred, the action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party.

The purpose of the rule is to maintain existing relationships in the litigation after a transfer of interest. "Rule 25(c) is not designed to create new relationships among parties to a suit but is designed to allow the action to continue unabated when an interest in the lawsuit changes hands." *In re Bernal*, 207 F.3d 595, 598 (9th Cir. 2000) (quoting *In re Covington Grain Co., Inc.*,

---

[1] Defendant argues that plaintiff must meet the "good cause" standard of Rule 16 of the Federal Rules of Civil Procedure, as the time to amend the pleadings under the Patent Scheduling Order has expired. Given the transfer of interest of the patent-in-suit, the Court finds that the Motion was properly brought under Rule 25(c). The Court further finds that it has discretion to substitute or join parties under Rule 25(c), regardless of whether a party has met the Rule 15 or Rule 16 requirements for amendment. *In re Bernal*, 207 F.3d 595, 598 (9th Cir. 2000).

Case No.: 5:19-cv-01692-EJD
ORDER GRANTING MOTION TO SUBSTITUTE PARTY
2

638 F.2d 1362, 1364 (5th Cir. 1981)).

"When presented with a Rule 25(c) motion, district courts may, in their discretion: (1) permit the predecessor to continue alone; (2) substitute the successor-in-interest for the predecessor; or (3) join the successor-in-interest with the predecessor." *Zest IP Holdings, LLC v. Implant Direct Mfg. LLC*, No. 10-cv-541-GPC(WVG), 2014 WL 11878454, at *3 (S.D. Cal. July 30, 2014) (citing *Hilbrands v. Far East Trading Co.*, Inc., 509 F.2d 1321, 1323 (9th Cir. 1975)); *see also Sun-Maid Raisin Grow. of Cal. v. California Pack. Corp.*, 273 F.2d 282, 284 (9th Cir. 1959) ("Substitution or joinder is not mandatory where a transfer of interest has occurred."). As the Ninth Circuit has noted:

> The most significant feature of Rule 25(c) is that it does not require that anything be done after an interest has been transferred. The action may be continued by or against the original party, and the judgment will be binding on his successor in interest even though he is not named. An order of joinder is merely a discretionary determination by the trial court that the transferee's presence would facilitate the conduct of the litigation.

*In re Bernal*, 207 F.3d at 598 (quoting 7C Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1958 (2d Ed. 1986)).

"Under Rule 25(c), '[t]he transferee is not joined because its substantive rights are in question; rather, the transferee is brought into court solely because it has come to own the property in issue.'" *Uniloc USA Inc. v. LG Elecs. U.S.A. Inc.*, No. 18-CV-06737-JST, 2019 WL 690290, at *1 (N.D. Cal. Feb. 19, 2019) (citing *Minn. Min. & Mfg. Co. v. Eco Chem, Inc.*, 757 F.2d 1256, 1263 (Fed. Cir. 1985)). Accordingly, "[t]he merits of the case, and the disposition of the property, are still determined vis-a-vis the originally named parties." *Id.* Thus, Rule 25(c) rule "leaves the substitution decision to [the trial] court's sound discretion." *In re Bernal*, 207 F.3d at 598.

### III. Discussion

Plaintiffs argue that substitution pursuant to Rule 25(c) is appropriate here because Uniloc USA and Uniloc Luxembourg no longer have an interest in the patent-in-suit or in this litigation.

Case No.: 5:19-cv-01692-EJD
ORDER GRANTING MOTION TO SUBSTITUTE PARTY
3

*See* Dkt. No. 102, Reply, p. 1.  Defendant points out that Plaintiffs waited nearly two years after they transferred their interests in the patent to Uniloc 2017 to file the Motion and argues that this unreasonable delay prejudices Defendant.  Opposition, p. 1.  Defendant argues that because it has already served discovery on Plaintiffs, it would face delays and additional fees if it were required to re-serve the discovery on Uniloc 2017.

In support of this argument, Defendant points to multiple other cases in this district brought by Uniloc entities against Defendant in which the substitution or joinder of Uniloc 2017 has allegedly resulted in prejudice to Defendant.  For example, in *Uniloc 2017, LLC v. Apple Inc.*, Case No. 3:19-cv-01697-VC, currently pending in this district before Judge Chhabria, after Defendant stipulated to the joinder of Uniloc 2017, Uniloc 2017 refused to adopt the discovery objections and responses of Uniloc USA and Uniloc Luxembourg.  Defendant was therefore required to re-serve identical discovery requests on Uniloc 2017 as it had on the other Uniloc entities, and it received identical objections from Uniloc 2017 thirty days later.  *See* Corbett Decl. Exs. 6-9, Dkt. Nos. 101-7 to 101-10.

In yet another case currently pending before Judge Alsup, the Plaintiffs filed a materially identical motion for substitution.  *See Uniloc USA, Inc. v. Apple Inc.*, Case No. 18-cv-00360-WHA, Dkt. No. 119.   In that case, Judge Alsup exercised his discretion to join Uniloc 2017 but keep Uniloc Luxembourg and Uniloc USA as part of the litigation, citing concerns about discovery and Plaintiffs' potential strategic behavior:

> "The Court suspects that Uniloc's manipulations in allocating rights to the patents-in-suit to various Uniloc (possibly) shell entities is perhaps designed to insulate Uniloc Luxembourg from any award of sanctions in the event Uniloc loses this litigation (or some substantial part thereof). Therefore, Uniloc Luxembourg shall remain in the above-captioned actions for the purpose for any sanction award if and when such a sanction award would be warranted and for purposes of facilitating any reasonable discovery against Uniloc Luxembourg."

Case No.: 5:19-cv-01692-EJD
ORDER GRANTING MOTION TO SUBSTITUTE PARTY
4

*Id.* at 164-2.

Given the delay in filing this motion and Plaintiffs' discovery-related behavior in other actions in this district, the Court shares Defendant's concerns about possible delays. However, the Court finds that the possible prejudice to Defendant resulting from any such delays is minimal, and that allowing Uniloc 2017 to participate in the proceedings will ultimately facilitate the litigation. *In re Bernal*, 207 F.3d at 598.

Consistent with other courts in this district and in order to minimize any prejudice to Defendant, the Court exercises its discretion to join Uniloc 2017, rather than substitute it for the existing Plaintiffs. *Uniloc USA Inc. v. LG Elecs. U.S.A. Inc.*, No. 18-CV-06737-JST, 2019 WL 690290, at *2 (N.D. Cal. Feb. 19, 2019) ("In similar circumstances, other courts have exercised their discretion to join the transferee, rather than substituting that entity, until the ownership of the patent could be resolved."); *Hilbrands v. Far East Trading Co.*, Inc., 509 F.2d 1321, 1323 (9th Cir. 1975).

### IV. Conclusion

The Court **GRANTS** Plaintiffs' Motion and orders Uniloc 2017 **JOINED** as a plaintiff in this action. Uniloc USA and Uniloc Luxembourg shall remain in the case.

**IT IS SO ORDERED.**

Dated: May 26, 2020

EDWARD J. DAVILA
United States District Judge

Case No.: 5:19-cv-01692-EJD
ORDER GRANTING MOTION TO SUBSTITUTE PARTY
5