UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

UNILOC USA, INC., et al.,

          Plaintiffs,

     v.

APPLE, INC,

          Defendant.

Case No.  19-cv-01692-EJD (VKD)

**ORDER GRANTING DEFENDANT'S MOTION TO AMEND INVALIDITY CONTENTIONS**

Re: Dkt. No. 105

Plaintiffs Uniloc USA, Inc., Uniloc Luxembourg, S.A., and Uniloc 2017 LLC[1] (collectively, "Uniloc") sue defendant Apple, Inc. ("Apple"), alleging infringement of U.S. Patent No. 7,587,207 ("the '207 patent"), titled "Data Delivery Through Beacons."  Dkt. No. 1.  Apple now moves for leave to amend its invalidity contentions to add nine references produced by Uniloc in response to Apple's discovery requests regarding prior art.[2]  Uniloc opposes the motion.  Upon consideration of the moving and responding papers, as well as the arguments presented at the June 2, 2020 hearing, the Court grants Apple's motion to amend.

## I.   BACKGROUND

Uniloc filed this action in the Western District of Texas on February 22, 2018 and subsequently filed a First Amended Complaint ("FAC") on May 30, 2018.  Dkt. Nos. 1, 32. Meanwhile, on May 11, 2018, the court stayed the action, except for proceedings on Apple's motion to transfer venue.  Dkt. Nos. 30, 34.  That motion was granted on March 28, 2019, and the

---

[1] Uniloc 2017 LLC recently was permitted to join this matter as a plaintiff.  Dkt. No. 112.

[2] Apple also seeks to correct a typographical error that is not in dispute here.

United States District Court
Northern District of California

1   action was transferred to this District on April 2, 2019.  Dkt. Nos. 52, 54.  Apple answered the

2   FAC on May 23, 2019.  Dkt. No. 64.  On June 12, 2019, Judge Davila, who presides over this

3   matter, stayed the action pending resolution of Apple's petition for *inter partes* review challenging

4   the asserted claims of the '207 patent.  Dkt. No. 67.  The stay was lifted on November 25, 2019.

5   Dkt. No. 76.  Judge Davila subsequently issued a scheduling order that includes an August 17,

6   2020 tutorial and claim construction hearing, a September 28, 2020 fact discovery cutoff, and a

7   December 11, 2020 expert discovery cutoff.  Dkt. No. 79.  Trial has not yet been set.

8       On January 30, 2020, approximately six weeks before the March 17, 2020 deadline for

9   Apple's invalidity contentions, Apple served document requests on Uniloc, seeking production of

10  all documents that relate or refer to prior art to U.S. Patent No. 6,664,891 ("the '891 patent"),

11  including invalidity contentions prepared and served on Uniloc in litigation involving the '891

12  patent.  Dkt. No. 105-2.  Asserting that the '891 patent is closely related to the '207 patent, Apple

13  contends that the requested discovery is highly relevant.  Uniloc initially objected to the discovery

14  as irrelevant, but eventually produced responsive documents on March 27, 2020.  Apple says that

15  Uniloc's production occurred only after Apple prepared a discovery dispute letter brief for

16  submission to the Court, and otherwise came too late for Apple to include in its March 17

17  invalidity contentions.  The parties were unable to agree whether Apple should be permitted to

18  amend its invalidity contentions to include the nine references Apple identified from Uniloc's

19  document production.

20  **II.    DISCUSSION**

21      The Patent Local Rules seek to "balance the right to develop new information in discovery

22  with the need for certainty as to the legal theories."  *O2 Micro Int'l Ltd. v. Monolithic Power Sys.,*

23  *Inc.*, 467 F.3d 1355, 1366 (Fed. Cir. 2006).  Invalidity contentions therefore may be amended

24  "only by order of the Court upon a timely showing of good cause."  Patent L.R. 3-6.  Good cause

25  "requires a showing of diligence."  *O2 Micro Int'l Ltd.*, 467 F.3d at 1366.  "However, good cause

26  'does not require perfect diligence.'"  *THX Ltd. v. Apple, Inc.,* No. 13-cv-01161-HSG, 2016 WL

27  1718137, at *2 (N.D. Cal. Apr. 29, 2016) (quoting *Fujifilm Corp. v. Motorola Mobility LLC*, No.

28  12-cv-03587-WHO, 2014 WL 491745, at *4 (N.D. Cal. Feb. 5, 2014)).  Absent undue prejudice to

United States District Court
Northern District of California

United States District Court
Northern District of California

1  Uniloc, circumstances that may support a finding of good cause include "[r]ecent discovery of

2  material prior art despite earlier diligent search."  Patent L.R. 3-6(b).  Apple bears the burden of

3  establishing its diligence.  *O2 Micro Int'l Ltd.*, 467 F.3d at 1366.  "If the court determines that the

4  moving party was not diligent, the inquiry may end there."  *Twilio, Inc. v. Telesign Corp.*, No. 16-

5  cv-06925-LHK (SVK), 2017 WL 3581186, at *2 (N.D. Cal. Aug. 18, 2018) (citation omitted).

6  "However, the court retains discretion to grant leave to amend in the absence of diligence where

7  there is no prejudice to the opposing party."  *Id.* (citations omitted).

8      The Court first considers whether Apple has demonstrated diligence both in discovering

9  the references that are the basis for amendment, as well as in seeking amendment once those

10 references were discovered.  *Id.*  The critical question is whether Apple could have discovered the

11 new information earlier had it acted with the requisite diligence.  *Id.*; *see also Contour IP Holding*

12 *v. GoPro, Inc.*, No. :17-cv-04738-WHO, 2020 WL 109063, at *4 (N.D. Cal. Jan. 9, 2020) (same).

13 Here, Apple says that from the outset of this litigation, it conducted a number of prior art searches,

14 with the aid of attorneys at its outside counsel's firm, a technical consultant, and a third-party

15 search firm.  Dkt. No. 105-11 ¶ 3.  Although Apple asserts that the '891 and '207 patents are very

16 similar in subject matter, it maintains that differences in the claims impacted the scope of prior art

17 searches.  Dkt. No. 110 at 3.  Apple says that it did not learn of the references in question until

18 counsel reviewed Uniloc's March 27, 2020 production of the invalidity contentions from litigation

19 involving the '891 patent.  Dkt. No. 105-11 ¶¶ 5-6.  Within three weeks of receiving Uniloc's

20 production, Apple says it prepared amended invalidity contentions and sought Uniloc's stipulation

21 to service of the amendment.  Dkt. No. 105 at 6; Dkt. No. 105-1 ¶ 10; Dkt. No. 105-8.  The present

22 motion for leave to amend was filed the following week, after Uniloc declined to consent to the

23 proposed amendment.

24      The Court finds that Apple has established good cause to amend its invalidity contentions

25 to include the nine references that it seeks to add.  The record presented demonstrates that Apple

26 acted with sufficient diligence through its prior art investigation and its efforts to promptly seek

27 amendment upon receipt of Uniloc's document production.  Pointing out that some of the

28 references at issue are U.S. patents and that all are publicly available documents, Uniloc argues

United States District Court
Northern District of California

1  that Apple is merely seeking to benefit from the prior art searches of defendants in litigation

2  involving the '891 patent.  In Uniloc's view, such conduct is not diligent, particularly when Apple

3  seeks amendment more than two years from the filing of this action.  The mere fact that Apple

4  gleaned the references at issue from other litigation does not indicate a lack of diligence.  Indeed,

5  Uniloc acknowledged at oral argument that one way for an accused infringer to discover prior art

6  is to ask for discovery of prior art in the opposing party's possession.  Uniloc's suggestion that

7  Apple delayed for over two years in seeking amendment ignores the fact that, with the exception

8  of Apple's motion to transfer, this action was stayed for much of the time it was pending in the

9  Western District of Texas, and was stayed again shortly after the action was transferred to this

10 District through late last fall.  Under these circumstances, the Court cannot say that Apple could

11 have discovered the new information earlier had it acted with the requisite diligence.

12         The proposed amendments will not prejudice Uniloc.  "Prejudice is typically found when

13 amending contentions stand to disrupt the case schedule or other court orders." *Karl Storz*

14 *Endoscopy-Am., Inc. v. Stryker Corp.*, No. 14-cv-00876-RS (JSC), 2016 WL 2855260, at *3 (N.D.

15 Cal. May 13, 2016).  Here, Uniloc argues that although it was aware of the nine references in

16 question through other litigation involving the '891 patent, it first learned about Apple's proposed

17 combination of these references against the '207 patent on April 28, 2020 when Apple filed the

18 present motion for leave to amend.  As of that date, five months remained before the September

19 28, 2020 close of fact discovery.  Other than to assert, in conclusory fashion, that it "does not feel

20 there is sufficient time to analyze this combination of references without prejudice" (Dkt. No. 107

21 at 8), Uniloc does not specify why it cannot sufficiently analyze Apple's proposed amendments in

22 the time remaining for fact discovery.  Nor has Uniloc asserted that the proposed amended

23 contentions would impact claim construction or any other tasks that must be accomplished under

24 the current case management schedule.  The fact that Apple's amendment will require Uniloc to

25 do more work than it otherwise would have performed without the amendment does not support a

26 finding of prejudice. *Karl Storz Endoscopy-Am., Inc.*, 2016 WL 2855260 at *9.

27 **III.    CONCLUSION**

28         Based on the foregoing, Apple's motion for leave to amend its invalidity contentions is

granted.  Apple shall promptly serve its amended contentions on Uniloc, and in any event, no later than **June 19, 2020**.

       **IT IS SO ORDERED.**

Dated:  June 12, 2020

VIRGINIA K. DEMARCHI
United States Magistrate Judge