UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNILOC USA, INC., et al.,<br><br>   Plaintiffs,<br><br>v.<br><br>APPLE INC.,<br><br>   Defendant. | Case No. 19-cv-01692-EJD (VKD)<br><br>**ORDER RE DISCOVERY DISPUTE RE DEPOSITIONS OF APPLE WITNESSES**<br><br>Re: Dkt. No. 132 |

   The parties ask the Court to resolve a dispute concerning whether plaintiffs Uniloc USA, Inc., Uniloc Luxembourg S.A., and Uniloc 2017 LLC (collectively, "Uniloc") may take the individual depositions of defendant Apple Inc.'s ("Apple") employees Rob Mayor and Jason Giles without regard to whether these witnesses may also be designated to testify on Apple's behalf in response to a Rule 30(b)(6) deposition notice. Dkt. No. 132. The Court deems this matter suitable for resolution without oral argument. *See* Civil L.R. 7-1(b).

   Uniloc has filed more than twenty patent infringement actions against Apple. In these circumstances, the parties apparently agreed to minimize the burden and inconvenience for their respective witnesses with respect to depositions by using their "best efforts" to avoid taking more than one deposition of any such witness. *See* Dkt. No. 132 at 1 (quoting parties' Joint Case Management Statement, Dkt. No. 78 at 4-5). On January 7, 2020, the presiding judge adopted the parties' agreement as a scheduling order, requiring that "the parties will use their best efforts to avoid taking more than one deposition of any person, whether in this case or across the multiple cases between the parties, including, where appropriate, a party agreeing to make deposition testimony of its party witness taken in another case between the parties available for use in this case." Dkt. No. 79 at 1-2.

Apple now argues that this order requires Uniloc to defer taking the individual depositions of Messrs. Mayor and Giles so that the parties can coordinate scheduling of those individual depositions to occur at the same time as an anticipated Rule 30(b)(6) deposition of Apple on technical topics for which one or both of these witnesses are likely to be corporate designees. Dkt. No. 132 at 2. Uniloc responds that it has not previously deposed either of these witnesses in this or any other case against Apple, and that nothing in the Court's order requires it to first serve a Rule 30(b)(6) notice on Apple before noticing and taking the individual depositions of its employees. *Id.* at 3.

The Court agrees with Uniloc. Nothing in the Federal Rules of Civil Procedure or in the Court's scheduling order compels the relief Apple seeks here. The parties agreed and the Court has ordered them to use "best efforts" to avoid deposing the same person more than once. While it is certainly desirable for the parties to coordinate individual and Rule 30(b)(6) depositions, particularly as Apple has advised Uniloc these witnesses will likely be designees, neither party is required to notice a Rule 30(b)(6) deposition at the same time it notices individual depositions for witnesses who might also be designated to testify on behalf of such party. To the contrary, it may be that after obtaining deposition testimony of Messrs. Mayor and Giles, Uniloc may not require Rule 30(b)(6) deposition testimony as to the matters on which these witnesses have testified.

The Court appreciates the exceptional burden the large number of pending actions may place on individual witnesses affiliated with the parties who may have information relevant to multiple actions. If it appears that a party is conducting discovery in a manner that disproportionately burdens its adversary, the burdened party may seek relief from the Court, including requesting a protective order or an order shifting costs or any other appropriate relief. However, at this time, the Court does not find that Uniloc's proposed depositions of Messrs. Mayor and Giles produces a disproportionate burden on Apple or its witnesses.

**IT IS SO ORDERED.**

Dated: July 27, 2020

VIRGINIA K. DEMARCHI
United States Magistrate Judge