# EXHIBIT 1

Exhibit 1

MARK D. FOWLER, Bar No. 124235
mark.fowler@us.dlapiper.com
CHRISTINE K. CORBETT, Bar No. 209128
christine.corbett@us.dlapiper.com
ERIK FUEHRER (Bar No. 252578)
erik.fuehrer@us.dlapiper.com
JONATHAN HICKS, Bar No. 274634
jonathan.hicks@us.dlapiper.com
**DLA PIPER LLP (US)**
2000 University Avenue
East Palo Alto, CA  94303-2214
Telephone:  650.833.2000
Facsimile:  650.833.2001

Attorneys for Defendant
APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNILOC USA, INC., UNILOC LUXEMBOURG, S.A., and UNILOC 2017 LLC,<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC.,<br><br>Defendant. | CASE NO.  5:19-cv-01692-EJD-VKD<br><br>**DEFENDANT APPLE INC.'S THIRD SET OF INTERROGATORIES TO PLAINTIFFS UNILOC 2017 LLC, UNILOC USA, INC. AND UNILOC LUXEMBOURG, S.A. (NOS. 10–15)** |

Pursuant to Federal Rule of Civil Procedure 33, Defendant Apple Inc. requests that Plaintiffs Uniloc 2017 LLC, Uniloc USA, Inc. and Uniloc Luxembourg, S.A. ("Uniloc" or "Plaintiffs") answer the following interrogatories within thirty (30) days of this request.  Uniloc is subject to a duty to supplement all responses in accordance with Federal Rule of Civil Procedure 26(e).  The following definitions and instructions apply.

**DEFINITIONS**

1. "Apple" means Apple Inc.

2. "Uniloc," "Plaintiffs," "You," or "Your" means Uniloc 2017 LLC, Uniloc Luxembourg, S.A., Uniloc USA Inc. and Uniloc Licensing USA, LLC, including without limitation its subsidiaries, divisions, affiliates, predecessors, and any past or present directors, officers, agents, affiliates, representatives, employees, consultants, attorneys, entities acting in joint-venture or partnership relationships with Uniloc, and all other persons acting or purporting to acting on behalf of Uniloc.

3. "Case" means *Uniloc USA, Inc. et al. v. Apple Inc.*, Case No. 19-cv-01692 EJD, in the United States District Court for the Northern District of California.

4. The "Patent-in-Suit" means United States Patent No. 7,587,207 and any other patent that Uniloc may assert in the Case.

5. "Communication" means any means by which information is exchanged, including face-to-face, telephonic and video conversations, letters, memos, reports, presentations, emails and web or internet postings or comments.

6. "Document" or "Documentation" is defined broadly to be given the full scope of that term contemplated in Federal Rule of Civil Procedure 34, and includes all tangible things, all originals (or, if originals are not available, identical copies thereof), all non-identical copies of a document, all drafts of final documents, all other written, printed, or recorded matter of any kind, and all other data compilations from which information can be obtained and translated if necessary, that are or have been in Your actual or constructive possession or control, regardless of the medium on which they are produced, reproduced, or stored (including, without limitation, computer programs and files containing any requested information), any electronic mail, recording or writing, as these terms are defined in Rule 1001, Federal Rules of Evidence, and electronically stored information ("ESI"). Any Document bearing marks, including, without limitation, initials, stamped initials, comments, or notations not a part of the original text or photographic reproduction thereof, is a separate Document.

7. The terms "each" and "Each" mean and include "each and every," "all" and "All"

1  mean and include "any and all," and "any" and "Any" mean and include "any and all."

2      8.    "Person" or "Persons" means any individual or firm, association, organization,
3  joint venture, trust, partnership, corporation, or other collective organization or entity.

4      9.    "Entity" means any Person or Persons.

5      10.    "Relate," "Relate To," "Related To" or "Relating To" means to describe, discuss,
6  constitute, comprise, evidence, support, negate or contradict.

7      11.    "Identify" when used with reference to a Person means to provide his/her full
8  name and present and/or last known business address or resident address, his present and/or last
9  known employment position, including a description of his/her duties and responsibilities.

10     12.    "Identify" when used with reference to a date means to specify the month, day and
11 year.

12     13.    "Identify" when used with reference to a Document means to specify the month,
13 day and year the Document was created, the author(s) and recipient(s) of the Document, and the
14 location of all copies of the Document.

## INSTRUCTIONS

16     1.    The singular form of a word should be interpreted in the plural as well.

17     2.    Any pronoun shall be construed to refer to the masculine, feminine or neutral
18 gender as in each case is most appropriate.

19     3.    The words "and" and "or" shall be construed conjunctively or disjunctively,
20 whichever makes the request most inclusive.

21     4.    If possible, supply all annual data requested on a calendar year basis. However, if
22 fiscal year data is provided, please specify the months in which the fiscal year begins and ends.
23 Whenever information is requested "for each year," include the requested information for all prior
24 years and also the requested information available for the current year and specify what portion of
25 the current year is covered by such information.

26     5.    These interrogatories shall be deemed to seek answers as of the date of service
27 thereof and to the full extent of the Federal Rules of Civil Procedure. These interrogatories are of
28 a continuing nature and You are required to file and serve supplemental responses promptly if

1  You obtain further or different information after the date of Your initial answer.

2        6.     If information requested is not readily available from Your records in exactly the

3  form requested, furnish carefully prepared estimates, designated as such and attach explanations

4  of any estimate used.

5        7.     If You do not answer any interrogatory, or part thereof, because of a claim of

6  privilege or any other claim, set forth the privilege claimed, the facts upon which You rely to

7  support the claim or privilege, and furnish a list identifying each item of information for which

8  privilege is claimed, including:

9            a.     a brief description of the nature and subject matter;

10            b.     the date the information was acquired or came into existence; and

11            c.     the name and title of the individual(s) who generated, provided, and

12  received the information.

## THIRD SET OF INTERROGATORIES

**INTERROGATORY NO. 10:**

Describe any valuations performed either by You or at Your direction regarding the value of the Patent-in-Suit or the alleged technology related to the Patent-in-Suit, including the Identification of any Documents which reflect, refer or relate thereto.

**INTERROGATORY NO. 11:**

Identify any and all of Your patent licensing policies, Identify each Person with knowledge thereof, and each Document which reflects, or refers or relates thereto.

**INTERROGATORY NO. 12:**

Identify all Persons having any financial or contingent interest in the Patent-in-Suit and/or this Case and describe in detail that interest and all Documents related thereto.

**INTERROGATORY NO. 13:**

If your responses to Apple's Requests for Admission in this case is not an unqualified admission, explain the full factual basis for Your response.

**INTERROGATORY NO. 14:**

For each Accused Product, identify the smallest saleable patent-practicing unit which

embodies each claim asserted against that product and, to the extent Uniloc identifies a smallest saleable patent-practicing unit other than the wireless WiFi / Bluetooth combo chip of the Accused Products, identify the claim limitation(s) that you contend the Bluetooth chip does not embody, the basis for any such contentions, as well as any facts, witnesses, or documents that Uniloc contends support its response.

**INTERROGATORY NO. 15:**

To the extent Uniloc contends there is any technical benefit attributable to any alleged inventions claimed in the Patent-in-Suit, describe in detail, on an element-by-element and claim-by-claim basis, the legal and factual bases for that contention, including any evidence attempting to quantify the difference, if any, in the performance or value of a device incorporating any alleged invention claimed in the Patent-in-Suit as compared to a device that does not incorporate those alleged inventions, as well as any facts, witnesses, or documents that Uniloc contends support its response.

Dated:  August 28, 2020                                    DLA PIPER LLP (US)


By: */s/ Christine K. Corbett*
　　MARK D. FOWLER
　　CHRISTINE K. CORBETT
　　ERIK FUEHRER
　　JONATHAN HICKS
　　Attorneys for Defendant
　　Apple Inc.

**PROOF OF SERVICE**

I, Erik Fuehrer, declare:

I am a citizen of the United States and employed in San Mateo County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is DLA Piper LLP (US), 2000 University Avenue, East Palo Alto, California 94303-2214. On August 28, 2020, I served a copy of the within document(s):

**DEFENDANT APPLE INC.'S THIRD SET OF INTERROGATORIES TO PLAINTIFFS UNILOC USA, INC. and UNILOC LUXEMBOURG, S.A.**, (NO. 10-15)

☒ **by transmitting via e-mail or electronic transmission the document(s) listed above to the person(s) at the e-mail address(es) set forth below.**

**Attorneys for Plaintiffs, UNILOC**

uniloc@princelobel.com

Aaron S. Jacobs
*ajacobs@princelobel.com*
James J. Foster
*jfoster@princelobel.com*
Kevin Gannon
*kgannon@princelobel.com*
Matthew D. Vella
*mvella@princelobel.com*
Alyssa Ruderman
*aruderman@princelobel.com*
Anthony M. Vecchione
*anthony@nbafirm.com*
Thomas Fulford
*tfulfod@hayesmessina.com*

I declare that I am a member of the bar of this court. Executed on August 28, 2020, at San Jose, California.

*/s/ Erik Fuehrer*
Erik Fuehrer