# EXHIBIT 1

MARK D. FOWLER (Bar No. 124235)
mark.fowler@us.dlapiper.com
CHRISTINE K. CORBETT (Bar No. 209128)
christine.corbett@us.dlapiper.com
SUMMER TORREZ (Bar No. 264858)
summer.torrez@us.dlapiper.com
JONATHAN HICKS (Bar No. 274634)
jonathan.hicks@us.dlapiper.com
**DLA PIPER LLP (US)**
2000 University Avenue
East Palo Alto, CA 94303-2214
Tel: 650.833.2000

Attorneys for Defendant,
APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNILOC USA, INC. and UNILOC LUXEMBOURG, S.A., <br><br> Plaintiffs, <br><br> v. <br><br> APPLE INC., <br><br> Defendant. | CASE NO. 5:19-cv-01692-EJD <br><br> **DEFENDANT APPLE INC.'S NOTICE OF SUBPOENA DUCES TECUM AND AD TESTIFICANDUM TO PENDRELL TECHNOLOGIES, LLC** <br><br> Judge: Hon. Edward J. Davila |

PLEASE TAKE NOTICE THAT pursuant to Federal Rules of Civil Procedure 30 and 45, Defendant Apple Inc. ("Apple"), by and through its counsel, will serve a subpoena for the production of documents and things and testimony on Pendrell Technologies LLC ("Pendrell"). The deposition topics are specified in Attachment A to the subpoena, at the time and location specified in the subpoena, or at another mutually agreeable time and location. The document requests are specified in Attachment B to the subpoena, at the time and location specified in the subpoena, or at another mutually agreeable time and location.

PLEASE TAKE FURTHER NOTICE pursuant to Rules 30 and 45 of the Federal Rules of Civil Procedure, Defendant Apple, by and through its attorneys, will take the oral deposition of Pendrell. The deposition will be taken before a duly-qualified notary public or other officer authorized to administer oaths, and will be recorded by stenographic and videographic means and realtime (*e.g.*, LiveNote) recording, as well as any other means permitted under the Federal Rules of Civil Procedure. Pendrell is instructed to appear at the time and location specified in the subpoena ad testificandum, or at another mutually agreeable time and location.

Dated: January 27, 2020

**DLA PIPER LLP (US)**

*/s/ Christine K. Corbett*
MARK D. FOWLER
CHRISTINE K. CORBETT
SUMMER TORREZ
JONATHAN HICKS

**ATTORNEYS FOR DEFENDANT APPLE INC.**

# CERTIFICATE OF SERVICE

I, Christine Cain, declare:

I am a citizen of the United States and employed in San Mateo County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is DLA Piper LLP (US), 2000 University Avenue, East Palo Alto, California 94303. On January 27, 2020, I served a copy of the within document(s):

- **DEFENDANT APPLE INC.'S NOTICE OF SUBPOENA DUCES TECUM AND AD TESTIFICANDUM TO PENDRELL TECHNOLOGIES, LLC**

- **SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION**

☒ by electronic mail, by transmitting a true copy thereof, to the email addresses indicated below.

| | |
|---|---|
| Email Reflector: uniloc@princelobel.com<br><br>James J. Foster<br>jfoster@princelobel.com<br>Brian A. Tollefson<br>btollefson@princelobel.com<br>Aaron S. Jacobs (CA No. 214953)<br>ajacobs@princelobel.com<br>**PRINCE LOBEL TYE LLP**<br>One International Place, Suite 3700<br>Boston, MA 02110<br>617-456-8000<br><br>Matthew D. Vella (CA No. 314548)<br>mvella@princelobel.com<br>**PRINCE LOBEL TYE LLP**<br>357 S Coast Highway, Suite 200<br>Laguna Beach, CA 92651 | Attorneys for Plaintiff<br>UNILOC USA, INC. and<br>UNILOC LUXEMBOURG, S.A. |

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on January 27, 2020, at East Palo Alto, California.

*/s/ Christine Cain*
Christine Cain

-3-

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of California

| | |
|---|---|
| UNILOC USA, INC. and UNILOC LUXEMBOURG, S.A., <br> *Plaintiff* <br> v. <br> APPLE INC., <br> *Defendant* | Civil Action No. 5:19-cv-01692-EJD |

**SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION**

To: Pendrell Technologies, LLC, c/o Joe Viraldo
2300 Carillon Point
Kirkland, WA 98033-7455

*(Name of person to whom this subpoena is directed)*

☒ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

See Attachment A

| Place: DLA Piper LLP (US) <br> 555 Mission Street, Suite 2400 <br> San Francisco, CA 94105-2933 | Date and Time: <br> March 5, 2020 at 10:00 a.m. (PST) |
|---|---|

The deposition will be recorded by this method:  Stenographic and/or videographic means

☒ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:  See Attachment B - To be produced at DLA Piper LLP (US), 555 Mission Street, Suite 2400, San Francisco, CA 94105-2933, on February 27, 2020 at 10:00 a.m. (PST)

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 1/27/2019

*CLERK OF COURT*

OR

_____        /s/ Christine K. Corbett
*Signature of Clerk or Deputy Clerk*                      *Attorney's signature*
                                                                CHRISTINE K. CORBETT

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Apple Inc. , who issues or requests this subpoena, are:
Christine K. Corbett, 2000 University Ave., East Palo Alto, CA 94303; christine.corbett@us.dlapiper.com; 650.833.2141

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

WEST/287741938



AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 5:19-cv-01692-EJD

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* Pendrell Technologies, LLC
on *(date)* _____

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:



American LegalNet, Inc.
www.FormsWorkFlow.com

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*

   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).


American LegalNet, Inc.
www.FormsWorkFlow.com

# ATTACHMENT A

## Definitions and Instructions

1. The Local Rules for the United States District Court of the Northern District of California are hereby incorporated by reference.

2. "Pendragon" means Pendragon Wireless LLC and any of its predecessors, successors, representatives, employees, consultants, attorneys, entities acting in joint-venture or partnership relationships with Pendragon Wireless LLC, any past or present parents, subsidiaries, or affiliates, and all other persons acting or purporting to act on behalf of Pendragon Wireless LLC. For the avoidance of doubt, the foregoing definition of "Pendragon" is intended to, and does, encompass Pendrell Technologies LLC.

3. "IPG" means IPG Electronics 503 Limited and any of its predecessors, successors, representatives, employees, consultants, attorneys, entities acting in joint-venture or partnership relationships with IPG Electronics 503 Limited, any past or present parents, subsidiaries, or affiliates, and all other persons acting or purporting to act on behalf of IPG Electronics 503 Limited.

4. "IPG Patents" means any and all patents Pendragon acquired from IPG, including U.S. Patent No. 7,587,207.

5. "Uniloc" means Uniloc Luxembourg, S.A., Uniloc USA, Inc., Uniloc 2017 LLC, Uniloc Licensing USA LLC, and any of their respective predecessors, successors, representatives, employees, consultants, attorneys, entities acting in joint-venture or partnership relationships with any of them, any past or present parents, subsidiaries, or affiliates of any of them, and all other persons acting or purporting to act on behalf of any of them.

6. "Document" and "Documents" are defined broadly to be given the full scope of that term contemplated in Federal Rule of Civil Procedure 34, and includes all tangible things, all originals (or, if originals are not available, identical copies thereof), all non-identical copies of a Document, all drafts of final Documents, all other written, printed, or recorded matter of any kind, and all other data compilations from which information can be obtained and translated if

necessary, that are or have been in Pendragon's actual or constructive possession or control, regardless of the medium on which they are produced, reproduced, or stored (including, without limitation, computer programs and files containing any requested information), and any electronic mail, recording or writing, as these terms are defined in Rule 1001 of the Federal Rules of Evidence. Any Document bearing marks, including without limitation, initials, stamped initials, comments, or notations not a part of the original text or photographic reproduction thereof, is a separate Document. Examples of "Documents" include user manuals, internal and public product literature, source code, user interface examples, and press releases.

7. "Communication" means any means by which information is exchanged, including face-to-face, telephonic, and video conversations, letters, memos, presentations, reports, emails, and web or internet postings or comments.

8. "And" and "or" are to be interpreted inclusively so as not to exclude any information otherwise within the scope of any topic.

**Topics for Examination**

1. Any actual or potential license, assignment, purchase, sale, or transfer of any rights or interest in any of the IPG Patents, including, but not limited to, any license, assignment, purchase, sale, or transfer of any rights or interest in any of the IPG Patents between (a) IPG and Pendragon; and (b) Pendragon and Uniloc.

2. Any analysis of the IPG Patents, including any valuation, (in)validity, infringement, enforceability, claim construction, claim scope, business, and/or market analysis.

3. Any revenues actually generated, or revenue projections or estimates, regarding any actual or potential sales or licensing of any of the IPG Patents.

4. All internal and external communications regarding any actual or potential license, assignment, purchase, sale, or transfer of any rights or interest in any of the IPG Patents, including, but not limited to, any communications with Uniloc or IPG regarding any license, assignment, purchase, sale, or transfer of any rights or interest in any of the IPG Patents.

5. The location and authenticity of any documents produced pursuant to this subpoena, including in response to any of the deposition topics and requests for production.

6. The business of Pendragon Wireless LLC, including (a) the general nature of the past and current business of Pendragon Wireless LLC; (b) the past and current directors, officers, and employees of Pendragon Wireless LLC; (c) the owner(s) of Pendragon Wireless LLC; and (d) the past and current location(s) of any offices of Pendragon Wireless LLC.

3

WEST\288820484.1

# ATTACHMENT B

## Definitions

1. The Local Rules for the United States District Court of the Northern District of California are hereby incorporated by reference.

2. "Pendragon" means Pendragon Wireless LLC and any of its predecessors, successors, representatives, employees, consultants, attorneys, entities acting in joint-venture or partnership relationships with Pendragon Wireless LLC, any past or present parents, subsidiaries, or affiliates, and all other persons acting or purporting to act on behalf of Pendragon Wireless LLC.  For the avoidance of doubt, the foregoing definition of "Pendragon" is intended to, and does, encompass Pendrell Technologies LLC.

3. "IPG" means IPG Electronics 503 Limited and any of its predecessors, successors, representatives, employees, consultants, attorneys, entities acting in joint-venture or partnership relationships with IPG Electronics 503 Limited, any past or present parents, subsidiaries, or affiliates, and all other persons acting or purporting to act on behalf of IPG Electronics 503 Limited.

4. "IPG Patents" means any and all patents Pendragon acquired from IPG, including U.S. Patent No. 7,587,207.

5. "Uniloc" means Uniloc Luxembourg, S.A., Uniloc USA, Inc., Uniloc 2017 LLC, Uniloc Licensing USA LLC, and any of their respective predecessors, successors, representatives, employees, consultants, attorneys, entities acting in joint-venture or partnership relationships with any of them, any past or present parents, subsidiaries, or affiliates of any of them, and all other persons acting or purporting to act on behalf of any of them.

6. "Document" and "Documents" are defined broadly to be given the full scope of that term contemplated in Federal Rule of Civil Procedure 34, and includes all tangible things, all originals (or, if originals are not available, identical copies thereof), all non-identical copies of a Document, all drafts of final Documents, all other written, printed, or recorded matter of any kind, and all other data compilations from which information can be obtained and translated if

necessary, that are or have been in Pendragon's actual or constructive possession or control, regardless of the medium on which they are produced, reproduced, or stored (including, without limitation, computer programs and files containing any requested information), and any electronic mail, recording, or writing, as these terms are defined in Rule 1001 of the Federal Rules of Evidence. Any Document bearing marks, including without limitation, initials, stamped initials, comments, or notations not a part of the original text or photographic reproduction thereof, is a separate Document. Examples of "Documents" include user manuals, internal and public product literature, source code, user interface examples, and press releases.

  7. "Communication" means any means by which information is exchanged, including face-to-face, telephonic and video conversations, letters, memos, presentations, reports, emails, and web or internet postings or comments.

  8. "And" and "or" are to be interpreted inclusively so as not to exclude any information otherwise within the scope of any request.

  9. "Relating to" and "relate to" mean and include affecting, concerning, constituting, dealing with, describing, embodying, evidencing, identifying, involving, providing a basis for, reflecting, regarding, respecting, stating or in any manner whatsoever pertaining to that subject.

**Instructions**

  A. All responsive Documents within Pendragon's possession, custody, or control must be produced.

  B. Any Document requested of which Pendragon has knowledge or information but that is not in Pendragon's possession, custody, or control must be identified by:

    1. a description of the general type of Document (*e.g.*, letter, memorandum, report, miscellaneous note, etc.);

    2. the date;

    3. the author;

    4. all addresses, recipients, copyholders, and other distributees;

5

WEST\288820484.1

        5.   the organization, if any, with which each author, addressee, recipient, or distributee was then connected and his/her job title or job description;

        6.   the number of pages;

        7.   a general summary of the subject matter; and

        8.   the grounds for refusing to produce the Document or portion thereof.

    C.   Whenever Pendragon claims any Document or thing responsive to any of the numbered requests below is privileged or immune from discovery for any reason, for example, work product or unanswerable, Pendragon should answer the request to the extent that the Document or thing is not withheld on such grounds and provide information regarding the privileged or immune Document or thing.

    D.   All Documents requested shall be produced as they are kept in the usual course of business or shall be organized and labeled to correspond with the categories in these requests.

    E.   Electronic records and computerized information must be produced in an intelligible format or together with a description of the system from which it was derived sufficient to permit rendering the materials intelligible.

    F.   Pendragon is to produce documents requested on February 27, 2020, at the offices of DLA Piper LLP (US), 555 Mission Street, Suite 2400, San Francisco, CA 94105-2933, or at another time and location if agreed to by the parties.

### Requests for Production of Documents

1.   All internal and external Communications Relating to the IPG Patents, including, but not limited to, all Communications between Pendragon and either (a) IPG or (b) Uniloc Relating to any of the IPG Patents.

2.   All Documents Relating to the IPG Patents, including, but not limited to, all Documents Relating to (a) any actual or potential license, assignment, purchase, sale, or transfer of any rights or interest in any of the IPG Patents; or (b) any analysis of the IPG Patents,

6

WEST\288820484.1

1 including, but not limited to, any valuation, (in)validity, claim construction, enforceability,
2 infringement, claim scope, business, and/or market analysis.
3     3.    All Documents Relating to any revenues actually generated, or revenue
4 projections or estimates, Relating to any actual or potential sales or licensing of any of the IPG
5 Patents.
6     4.    All deposition transcripts and documents produced in cases involving Uniloc.

7