# EXHIBIT 2

Response to Document Requests

Pendrell objects to the requests for production and deposition to the extent they seek information protected from disclosure by the attorney-client privilege, work product protection, common-interest privilege, and/or any other applicable privilege, protection, immunity or doctrine. Pendrell further object to each to the extent that it seeks information prepared in anticipation of litigation or for trial of this or any matter and/or that is subject to protection under Fed. R. Civ. P. 26(b)(4)(B). Any agreement to search for and produce documents will not include such privilege or protected materials.

Pendrell interprets "the IPG Patents" to refer to patents that are actually asserted in litigation between Apple and Uniloc, including specifically and solely U.S. Patent Nos. 7,020,252, 7,587,207, 6,836,654, and 7,136,999 (the "Patents-in-Suit").

Request 1

All internal and external Communications Relating to the IPG Patents, including, but not limited to, all Communications between Pendragon and either (a) IPG or (b) Uniloc Relating to any of the IPG Patents.

Response:

This request is overly broad and unduly burdensome on a third-party. No documents will be produced separately in response to this request.

Request 2

All Documents Relating to the IPG Patents, including, but not limited to, all Documents Relating to (a) any actual or potential license, assignment, purchase, sale, or transfer of any

1

rights or interest in any of the IPG Patents; or (b) any analysis of the IPG Patents, including, but not limited to, any valuation, (in)validity, claim construction, enforceability, infringement, claim scope, business, and/or market analysis.

Response:

    Pendrell will search for and produce responsive documents, to the extent they exist, regarding the Patents-in-Suit.

Request 3

    All Documents Relating to any revenues actually generated, or revenue projections or estimates, Relating to any actual or potential sales or licensing of any of the IPG Patents.

Response:

    Pendrell will search for and produce responsive documents, to the extent they exist, regarding the Patents-in-Suit.

Request 4

    All deposition transcripts and documents produced in cases involving Uniloc.

Response:

    Pendrell will not produce cloned discovery. Apple served Pendrell with deposition notices. If Apple wants to take discovery of Pendrell, then Apple should do its own work. *Midwest Gas Servs. Inc. v. Indiana Gas Co.*, 2000 WL 760700, at *1 (Mar. 7, 2000); *see also, e.g., Wollam v. Wright Med. Group, Inc.*, 2011 WL 1899774 (D. Co. May 18, 2011); *Chen v. AMPCO System Parking*, 2009 WL 2496729 (S.D. Cal. Aug. 14, 2009); *Moore v. Morgan Stanley & Co., Inc.*, 2008 WL 4681942 (N.D. Ill. May 30, 2008); *Oklahoma v. Tyson Foods,*

2

*Inc.*, 2006 WL 2862216 (N.D. Okla. Oct. 4, 2006); *Payne v. Howard*, 75 F .R.D. 465, 469 (D.D.C.1977).

Response to Topics

Topic 1

Any actual or potential license, assignment, purchase, sale, or transfer of any rights or interest in any of the IPG Patents, including, but not limited to, any license, assignment, purchase, sale, or transfer of any rights or interest in any of the IPG Patents between (a) IPG and Pendragon; and (b) Pendragon and Uniloc.

Response:

Pendrell will prepare and present for deposition one or more witnesses to testify as to information in Pendrell's possession, custody or control, regarding Pendrell's transfer of rights of the Patents-in-Suit to Uniloc.

Topic 2

Any analysis of the IPG Patents, including any valuation, (in)validity, infringement, enforceability, claim construction, claim scope, business, and/or market analysis.

Response:

Pendrell will prepare and present for deposition one or more witnesses to testify as to information in Pendrell's possession, custody or control, regarding the Patents-in-Suit.

3

Topic 3

Any revenues actually generated, or revenue projections or estimates, regarding any actual or potential sales or licensing of any of the IPG Patents.

Response:

Pendrell will prepare and present for deposition one or more witnesses to testify as to information in Pendrell's possession, custody or control, regarding the Patents-in-Suit.

Topic 4

All internal and external communications regarding any actual or potential license, assignment, purchase, sale, or transfer of any rights or interest in any of the IPG Patents, including, but not limited to, any communications with Uniloc or IPG regarding any license, assignment, purchase, sale, or transfer of any rights or interest in any of the IPG Patents.

Response:

Pendrell will prepare and present for deposition one or more witnesses to testify as to information in Pendrell's possession, custody or control, regarding the Patents-in-Suit.

Topic 5

The location and authenticity of any documents produced pursuant to this subpoena, including in response to any of the deposition topics and requests for production.

Response:

Pendrell will prepare one or more witnesses to testify as to the information in Pendrell's possession, custody or control.

Topic 6

The business of Pendragon Wireless LLC, including (a) the general nature of the past and current business of Pendragon Wireless LLC; (b) the past and current directors, officers, and employees of Pendragon Wireless LLC; (c) the owner(s) of Pendragon Wireless LLC; and (d) the past and current location(s) of any offices of Pendragon Wireless LLC.

Response:

Pendrell will prepare one or more witnesses to testify as to the information in Pendrell's possession, custody or control regarding Pendragon Wireless LLC.