UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNILOC USA, INC., et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>APPLE INC, et al.,<br><br>    Defendants. | Case No. 19-cv-01692-EJD (VKD)<br><br>**ORDER RE DISCOVERY DISPUTE RE DOCUMENT REQUEST NO. 94**<br><br>Re: Dkt. No. 155 |

The parties ask the Court to resolve a dispute concerning plaintiffs Uniloc USA, Inc., Uniloc Luxembourg S.A., and Uniloc 2017 LLC's (collectively, "Uniloc") objections to defendant Apple Inc.'s ("Apple") request for production of Uniloc's financial statements. Dkt. No. 155. The Court held a hearing on this matter on September 29, 2020. Dkt. No. 160.

Having considered the parties' submissions and oral argument during the hearing, the Court concludes that Uniloc must produce documents responsive to the disputed document request.

**I.  BACKGROUND**

Uniloc acquired the asserted patent in this case, U.S. Patent No. 7,587,207 ("the '207 patent"), in 2018 as part of a large collection of other patents. *See* Dkt. No. 138 at 1-2. Apple seeks discovery of Uniloc financial documents reflecting valuations of Uniloc's intangible assets, including its patent rights. Dkt. No. 155 at 1-2. Specifically, Apple seeks production of documents responsive to the following document request:

> Request No. 94: Uniloc's financial statements for each year beginning with the year in which Uniloc acquired the Patent-in-Suit through the present,

    including but not limited to, all audit reports including those prepared by Ernst & Young.

*Id.* at 1. Uniloc objects to this request on the ground that it seeks documents that are not relevant to any claim or defense. *Id.* at 4.

## II. LEGAL STANDARD

A party may obtain discovery of any matter that is relevant to a claim or defense and that is "proportional to the needs of case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

## III. DISCUSSION

Apple argues that Uniloc's financial statements contain information relevant to Uniloc's $1 billion demand for royalty damages for alleged infringement of the '207 patent and Apple's defense to that demand. Dkt. No. 155 at 2-3. Apple says that in unrelated litigation in Germany Uniloc has produced a financial statement—specifically an auditor's report prepared by Ernst & Young for fiscal year 2017—that provides a valuation of Uniloc's "intangible assets," which includes Uniloc's patents and other intellectual property. Apple expects that Uniloc has prepared or has obtained similar valuations of its intangible assets for fiscal years 2018-2020 after acquisition of the asserted patent, and that these valuations may suggest a maximum value for the '207 patent. Dkt. No. 160.

Uniloc acknowledges that it has documents responsive to Request No. 94 that include valuations of its intangible assets and that these assets include the '207 patent. However, Uniloc argues that these valuations are irrelevant to the issue of damages because they do not reflect any value attributable specifically to the '207 patent or even to a patent portfolio that contains the '207 patent. Dkt. No. 155 at 4, 5. Uniloc does not object that the discovery is burdensome or otherwise disproportionate to the needs of the case.

Apple has already obtained discovery of documents reflecting the transactions in which ownership of the '207 patent was transferred from the original patent holder to two successive owners and finally to Uniloc. These transaction documents reflect the purchase price paid in each

transaction and the patents that were included in each transaction.  As the Court observed in a prior discovery order, the price paid to acquire all rights to a patent may be considered in assessing a reasonable royalty for a hypothetical license to the patent, although the utility of such information may be limited if the transaction involves a large number of patents.  *See* Dkt. No. 138 at 3-4.  Uniloc says it has no documents that specifically value the '207 patent or any patent portfolios containing that patent.

Uniloc has not provided any information about the nature of the valuation of intangible assets contained in its financial statements.  Uniloc's counsel asserted at the hearing that the valuations do not reflect alleged infringement of the '207 patent by Apple or a royalty for such infringement but could not explain the bases for the valuations.  Apple argues that it should be permitted to explore the bases for the valuations and the methodology used to prepare them, it argues further that if Uniloc's valuations of its intangible assets do not reflect Uniloc's estimated royalty for alleged infringement by Apple, the absence of such an estimated royalty as a component of value is itself relevant to Apple's rebuttal of Uniloc's damages claim.

On the record before the Court, it is not possible to determine how, if at all, Uniloc's valuations of its intangible assets may inform an assessment of a reasonable royalty for Apple's alleged infringement of the asserted patent.  The valuations may or may not reflect information material to a reasonable royalty.  However, because the financial statements appear to contain the only valuations that encompass the value of the '207 patent (apart from the transaction documents themselves) and because Uniloc provided no information about how those valuations were prepared, the Court is satisfied that the statements are at least discoverable.

## IV. CONCLUSION

Uniloc must produce documents responsive to Apple's Request No. 94.

**IT IS SO ORDERED.**

Dated: October 9, 2020

VIRGINIA K. DEMARCHI
United States Magistrate Judge