UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNILOC USA, INC., et al.,<br><br>   Plaintiffs,<br><br> v.<br><br>APPLE INC.,<br><br>   Defendants. | Case No. 19-cv-01692-EJD (VKD)<br><br>**ORDER RE DISCOVERY DISPUTE RE APPLE DOCUMENT SUBPOENA TO PENDRELL**<br><br>Re: Dkt. No. 168 |

  Defendant Apple Inc. ("Apple") and non-party Pendrell Technologies, LLC ("Pendrell") have filed a joint discovery dispute letter concerning Apple's document subpoena to Pendrell. Dkt. No. 168. Apple asks for an order compelling Pendrell to produce documents responsive to the subpoena and to prepare a privilege log. Pendrell objects that this Court has no authority to enforce Apple's subpoena because Pendrell is a non-party located in the state of Washington, beyond this Court's jurisdiction. In the alternative, Pendrell objects to Apple's request on the merits and seeks a protective order. The Court deems this matter suitable for resolution without a hearing. Civil L.R. 7-1(b).

  For the reasons explained below, the Court finds it has authority to consider the dispute but denies Apple's request for relief.

## I. BACKGROUND

  Apple served the subpoena at issue on Pendrell on January 27, 2020. Dkt. No. 168 at ECF p. 1, 5; *see* Dkt. No. 168-1.[1] The subpoena reflects that Pendrell is located in Kirkland,

---

[1] The cover page of the subpoena appears to be misdated, as it reflects a date of issuance of "1/27/19." However, Apple and Pendrell seem to agree that the subpoena was issued and served

Washington, but the document production portion of the subpoena specifies a place of production in San Francisco, California. Dkt. No. 168-1 at ECF p. 5. It is not clear whether Pendrell served any objections to this subpoena. Pendrell attaches to the discovery dispute letter written "responses" that appear to correspond to the document requests in Apple's subpoena, but these responses are undated, and by Pendrell's own account, they were served in response to other, similar Apple subpoenas served in other cases. *See* Dkt. No. 168-2; Dkt. No. 168 at ECF p. 4 (referring to a response served on October 10, 2019, *before* the date of the subpoena at issue, regarding Apple subpoenas served in Case Nos. 19-cv-1697-VC, 19-cv-1904-WHO, and 19-cv-1929-EJD). In any event, these responses do not include any objection to the place of production of documents. Pendrell says that it never agreed to produce responsive documents in San Francisco, California.[2] Dkt. No. 168 at ECF p. 5.

## II.   DISCUSSION

### A.   Jurisdiction

Subpoena-related motions under Rule 45 of the Federal Rules of Civil Procedure must be filed in "the court for the district where compliance is required." Fed. R. Civ. P. 45(d)(2)(B)(i), (d)(3)(A), (d)(3)(B), (e)(2)(B). Here, Apple's subpoena specifies a place of compliance in San Francisco, California. Pendrell objects that the subpoena does not comply with the geographic limits on the place of compliance specified in Rule 45(c) and for this reason the Court lacks jurisdiction to decide the dispute. *See* Fed. R. Civ. P. 45(c)(2)(A) (the place of compliance for a subpoena commanding the production of documents must be "within 100 miles of where the person resides, is employed, or regularly transacts business in person").

Although there is disagreement among the federal district courts on this point,[3] the Court concludes that under the plain language of Rule 45(d), Apple's motion to compel is properly filed

---

on January 27, 2020.

[2] Pendrell asserts that all of Apple's other document subpoenas have specified Seattle, Washington as the place of compliance. Dkt. No. 168 at ECF p. 4.

[3] The parties provided no useful authority whatsoever on this issue, even though it is a threshold issue in their dispute.

2

in this district, as it is the place where compliance is required on the face of the subpoena, even if that place of compliance is not proper under Rule 45(c). Fed. R. Civ. P. 45(d)(2)(B)(i); *see, e.g., CSS, Inc. v. Herrington*, 354 F. Supp. 3d 702, 709 (N.D. Tex. 2017) ("for purposes of a Rule 45(d)(2) or 45(d)(3) motion, the court or district 'where compliance is required' is determined by the location or 'place' for compliance identified on the subpoena"); *but see, e.g., Raap v. Brier & Thorn, Inc.*, No. 17-MC-3001, 2017 WL 2462823, at *2-3 (C.D. Ill. July 7, 2017) (place where compliance is required is the location required by Rule 45(c)).

### B. Apple's Request for Relief

Apple seeks to enforce its document subpoena against Pendrell. It asks for an order requiring Pendrell to search an archive containing more than 550,000 files. Apple also asks for an order requiring Pendrell to prepare a privilege log for any claims of privilege pertaining to non-email documents. Dkt. No. 168 at ECF p. 1-3. Pendrell objects that Apple's request is unduly burdensome and disproportionate to the needs of the case. Pendrell also objects that Apple unreasonably delayed until the very end of the discovery period to make its extraordinary demand, particularly when the issues could have been raised earlier in the discovery period. *Id.* at ECF p. 6-8.

The Court denies Apple's motion on three grounds. First, the Court declines to enforce a subpoena that clearly does not comply with Rule 45(c). "Although Rule 45(a)(1)(A)(iii) permits the subpoena to direct a place of compliance, that place must be selected under Rule 45(c)." Fed. R. Civ. P. 45 advisory committee's note to 2013 amendment, Subdivision (c). While nothing in Rule 45(c) prevents parties from arranging to produce documents by electronic means rather than at a physical location, a subpoena that purports to compel production beyond the geographical limits specified in Rule 45(c) does not comply with the requirements of the Rule. *See id*; Fed. R. Civ. P. 45(d)(3)(A). Apple points out that Pendrell did not object to San Francisco, California as the place of compliance. That may be, but while a non-party may voluntarily produce documents at a location more than 100 miles from its place of business, Apple cites no authority for the proposition that the Court must construe such voluntary production as consent or waiver when the subpoenaing party asks the Court to use its authority to enforce the subpoena over the non-party's

3

objections in opposition to a motion to compel.

Second, the Court is not persuaded that the archived files Apple asks Pendrell to search are likely to contain non-privileged materials that are relevant to a claim or defense. Apple describes the materials as an "additional data source" that Pendrell disclosed in September 2020 that may contain information about valuations of a large patent portfolio that includes the asserted patent. Dkt. No. 168 at ECF p. 1. Pendrell describes the materials as "internal, litigation-focused documents—generated for and at the direction of attorneys for potential litigation—from Pendrell's Ovidian division between 2012 and 2018." *Id*. at ECF p. 6. Apart from referring to the Court's order resolving a prior discovery dispute, Apple's portion of the discovery dispute letter does little to explain why it believes these materials contain relevant and responsive documents and why it believes the very significant effort that would be required to review the archived files for responsive documents is justified here.

Third, from the record before the Court it appears that Apple did not timely confer with Pendrell about this discovery dispute in a manner that would have permitted the parties to attempt in good faith to resolve their disagreements without seeking the Court's assistance. Pendrell is not a party, and Apple must take reasonable steps to avoid imposing undue burden and expense on a non-party who is subject to a subpoena, even if the non-party is represented by the same counsel representing Uniloc. Fed. R. Civ. 45(d). Apple has not taken these steps, nor does it appear to have complied with the letter and spirit of the Court's Standing Order regarding discovery dispute resolution.

### III. CONCLUSION

The Court denies Apple's request for an order compelling production of documents and preparation of a privilege log.

**IT IS SO ORDERED.**

Dated: October 23, 2020

VIRGINIA K. DEMARCHI
United States Magistrate Judge