UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNILOC USA, INC., et al.,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>APPLE INC.,<br><br>　　　　　Defendant. | Case No. 19-cv-01692-EJD (VKD)<br><br>**ORDER RE DISCOVERY DISPUTE RE APPLE'S INTERROGATORY NO. 12**<br><br>Re: Dkt. No. 163 |

　　　　The parties ask the Court to resolve a dispute concerning plaintiffs Uniloc USA, Inc., Uniloc Luxembourg S.A., and Uniloc 2017 LLC's (collectively, "Uniloc") response to defendant Apple Inc.'s ("Apple") Interrogatory No. 12.[1] Dkt. No. 163. The Court deems this matter suitable for resolution without a hearing. Civil L.R. 7-1(b).

　　　　Apple's Interrogatory No. 12 asks Uniloc to "[i]dentify all Persons having any financial or contingent interest in the Patent-in-Suit and/or this Case and describe in detail that interest and all Documents related thereto." Dkt. No. 163-1 at ECF p. 5. Uniloc made no objections to this interrogatory and responded as follows:

> Uniloc 2017 LLC owns the '207 patent, and would receive the proceeds of the judgment against Apple. The compensation of litigation counsel may also be affected by the amount of the judgment.

Dkt. No. 163-2 at ECF p. 3. Apple says this response is incomplete and inconsistent with representations Uniloc has made elsewhere, and it asks the Court to order Uniloc to provide an

---

[1] After filing a joint discovery dispute letter, the parties filed additional material without leave of Court. Dkt. Nos. 175, 176. The Court disregards these materials.

amended response.  Dkt. No. 163 at 2-3.  Uniloc says that Apple has misinterpreted its interrogatory response, and offers to amend the response to add the following text:

> Uniloc 2017 is the only person/entity that has any financial or contingent interest in the patent-in-suit.  With the possible exception of litigation counsel, Uniloc 2017 is the only person/entity that has any financial or contingent interest in this case.

Dkt. No. 163 at 4.  Uniloc otherwise does not respond to any of the arguments in Apple's portion of the parties' discovery dispute letter.

The Court considers each of Apple's complaints about Uniloc's answer:

*1.  All persons having any financial or contingent interest in the patent-in-suit, and detailed description of such interest*

Apple argues that Uniloc's response is incomplete because it identifies only the entity that owns the asserted patent and not those entities that have some other financial interest in the patent, such as the right to receive license fees or to benefit financially in some other way.  Apple also complains that Uniloc's answer is limited to Uniloc 2017 and says nothing about the other two plaintiffs.

The Court agrees that Uniloc's response is incomplete.  Uniloc must amend its response to identify each person or entity that has a financial or contingent interest[2] in the asserted patent.  Such interest is not limited to an ownership interest, but includes any interest that entitles the person or entity to obtain money or other financial benefit from the patent.  Uniloc must provide a description of each such interest.

*2.  All persons having any financial or contingent interest in this Case, and detailed description of such interest*

Apple argues that Uniloc's response is incomplete because it does not identify all persons or entities that own or control one or more of the plaintiffs or that may have an interest in the outcome of this action.

Because Uniloc has not responded to Apple's argument, it is not clear to the Court whether

---

[2] It is not clear to the Court what Apple means by a "contingent interest" but as the parties appear not to dispute this aspect of the interrogatory, the Court will assume they agree on its meaning.

Uniloc agrees that the interrogatory calls for an identification of the persons or entities that own or control each plaintiff or whether Uniloc has a different interpretation of this aspect of the interrogatory. On its face, the interrogatory calls for an identification of persons that have a financial or contingent interest in the case. The Court observes that it will not always be the case that every parent company has an interest in every litigation involving its subsidiary, even if the subsidiary is wholly-owned.

The Court orders Uniloc to amend its answer to this interrogatory to at least include the additional text proposed in its portion of the discovery dispute letter. Uniloc should make additional amendments if necessary to fairly address this aspect of the interrogatory.

*3.    Describe all documents related thereto*

Apple argues that Uniloc's answer identifies no documents related to the financial or contingent interests that are the subject of the interrogatory.

The Court agrees that Uniloc's answer is incomplete. Uniloc must amend its response to describe each such document. It may describe the documents by production number or any other reasonable identifier.

\*\*\*

Uniloc must serve an amended response to Interrogatory No. 12 by **November 6, 2020**. Uniloc's amended response may be made, collectively, on behalf of all three plaintiffs, or separate responses may be made on behalf of each plaintiff. The Court reminds Uniloc and its counsel of the requirements of Rules 26(g)(1)(B) and 33(b)(3) of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

Dated: October 23, 2020

*Virginia K. DeMarchi*
VIRGINIA K. DEMARCHI
United States Magistrate Judge