UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNILOC USA, INC., et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>APPLE INC, et al.,<br><br>    Defendants. | Case No. 5:19-cv-01692-EJD<br><br>**ORDER DENYING MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE**<br><br>Re: Dkt. No. 177 |

Plaintiffs, Uniloc USA, Inc., Uniloc Luxembourg, S.A., and Uniloc 2017 LLC (together, "Uniloc"), object to the magistrate judge's Order re Discovery Dispute re Document Request No. 94 (Dkt. No. 169) ("Discovery Order"), regarding the Discovery Letter (Dkt. No. 155). For the reasons stated below, the Motion for Relief From Nondispositive Pretrial Order of the Magistrate Judge (Dkt. No. 177) is DENIED.

**I.  BAKGROUND**

Uniloc acquired the asserted patent in this case, U.S. Patent No. 7,587,207 ("the '207 patent"), in 2018 as part of a large collection of other patents. *See* Dkt. No. 138 at 1-2. Apple seeks discovery of Uniloc financial documents reflecting valuations of Uniloc's intangible assets, including its patent rights. Dkt. No. 155 at 1-2. Specifically, Apple seeks production of documents responsive to the following document request:

> "Uniloc's financial statements for each year beginning with the year in which Uniloc acquired the Patent-in-Suit through the present, including but not limited to, all audit reports including those

Case No.: 5:19-cv-01692-EJD
ORDER DENYING MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE

1

1 prepared by Ernst & Young."

2 *See* Request No. 94, Dkt. No. 155-1. Uniloc objected to this request on the ground that it seeks

3 documents that are not relevant to any claim or defense. *Id.* at 4.

4 Uniloc acknowledges that it has documents responsive to Request No. 94 that include

5 valuations of its intangible assets and that these assets include the '207 patent. However, Uniloc

6 argues that these valuations are irrelevant to the issue of damages because they do not reflect any

7 value attributable specifically to the '207 patent or even to a patent portfolio that contains the '207

8 patent. Dkt. No. 155 at 4, 5. Uniloc does not object that the discovery is burdensome or otherwise

9 disproportionate to the needs of the case.

10 The parties submitted the discovery dispute Magistrate Judge DeMarchi. In a reasoned

11 Discovery Order following oral argument, Judge DeMarchi held:

12 "On the record before the Court, it is not possible to determine how,

13 if at all, Uniloc's valuations of its intangible assets may inform an

14 assessment of a reasonable royalty for Apple's alleged infringement

15 of the asserted patent. The valuations may or may not reflect

16 information material to a reasonable royalty. However, because the

17 financial statements appear to contain the only valuations that

18 encompass the value of the '207 patent (apart from the transaction

19 documents themselves) and because Uniloc provided no information

20 about how those valuations were prepared, the Court is satisfied that

21 the statements are at least discoverable."

22 Discovery Order at 3. Uniloc then filed the present motion for relief from the Discovery Order.

23 **II.   LEGAL STANDARD**

24 Subject to some limitations not relevant here, any nondispositive pretrial matter before the

25 district court may be referred to a magistrate judge for determination. 28 U.S.C. § 636(b)(1)(A).

26 Once rendered, the decision of the magistrate judge may only be reconsidered by the district court

27 Case No.: 5:19-cv-01692-EJD
28 ORDER DENYING MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE

2

where the order is "clearly erroneous" or "contrary to law." *Id.*; Fed. R. Crim. P. 59(a). This standard is not easily satisfied because it affords the magistrate judge significant deference. *United States v. Abonce-Barrera*, 257 F.3d 959, 969 (9th Cir. 2001) ("[T]he text of the Magistrates Act suggests that the magistrate judge's decision in such nondispositive matters is entitled to great deference by the district court."). Indeed, "the reviewing court may not simply substitute its judgment for that of the deciding court." *Grimes v. City & Cty. of S.F.*, 951 F.2d 236, 241 (9th Cir. 1991).

"The 'clearly erroneous' standard applies to factual findings and discretionary decisions made in connection with non-dispositive pretrial discovery matters." *F.D.I.C. v. Fid. & Deposit Co. of Maryland*, 196 F.R.D. 375, 378 (S.D. Cal. 2000). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948).

### III.  DISCUSSION

Uniloc now objects to the Discovery Order, arguing that Uniloc's financial statements are not relevant because they do not subjectively value the asserted patent or its portfolio. According to Uniloc, the valuation of intangible assets in the financial statements are not material to a reasonable royalty calculation because they are purely mathematical, determined by amortizing the purchase price of the assets over each asset's useful life. But the Discovery Order did not rely on the assumption that the financial statements included a "subjective" valuation. Rather, the Discovery Order noted that regardless of how they were prepared, the financial statements appear to contain the only valuations that encompass the value of the '207 patent other than the original transaction documents. Thus, this factual distinction was not material to the magistrate judge's decision and does not indicate that any mistake was committed.

Uniloc further argues that the decision was in error because neither Apple nor the magistrate judge cited any case law in which a similarly situated patentee was ordered to produce

financial statements.  As the magistrate judge opined during the hearing, this Court finds it hard to believe the no patentee has ever been requested or required to produce financial statements for the purpose of determining a reasonable royalty.  Even if that is the case, however, the absence of a precedent on point does not on its own indicate that the Discovery Order was clearly erroneous. Uniloc has, therefore, failed to show that the Discovery Order is clearly erroneous.  The Court agrees with the reasoning of the magistrate judge that regardless of whether the financial statements are ultimately admissible as evidence, they are discoverable at this stage.

## IV. CONCLUSION

Uniloc's Motion for Relief from Nondispositive Pretrial Order of Magistrate Judge (Dkt. No. 177) is **DENIED**.

**IT IS SO ORDERED.**

Dated:  October 26, 2020

_____
EDWARD J. DAVILA
United States District Judge

Case No.: 5:19-cv-01692-EJD
ORDER DENYING MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE

4