| | |
|---|---|
| ARON S. JACOBS (Cal. Bar No. 214953) | MARK FOWLER (Bar No. 124235) |
| ajacobs@princelobel.com | mark.fowler@us.dlapiper.com |
| JAMES J. FOSTER | CHRISTINE K. CORBETT (Bar No. 209128) |
| jfoster@princelobel.com | christine.corbett@us.dlapiper.com |
| THOMAS R. FULFORD | JONATHAN HICKS (Bar No. 274634) |
| tfulford@princelobel.com | jonathan.hicks@us.dlapiper.com |
| ALYSSA RUDERMAN | DLA PIPER LLP (US) |
| aruderman@princelobel.com | 2000 University Avenue |
| PRINCE LOBEL TYE LLP | East Palo Alto, CA 94303-2214 |
| One International Place, Suite 3700 | Tel: 650.833.2000 |
| Boston, MA 02110 | |
| Tel: (617) 456-8000 | Attorneys for Defendant Apple Inc. |
| Attorneys for Plaintiffs | |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNILOC USA, INC., UNILOC LUXEMBOURG, S.A. and UNILOC 2017 LLC,<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC.,<br><br>Defendant. | Case No.: 5:19-cv-01692-EJD<br><br>**UPDATED JOINT TRIAL SETTING CONFERENCE STATEMENT** |

The parties submit this Updated Joint Trial Setting Conference Statement pursuant to the Court's Standing Order for Civil Cases, the January 7, 2020 Patent Scheduling Order (Dkt. 79), and the September 29, 2020 Notice Continuing Hearing. Apple respectfully requests that the Court set a further case management conference at the time the claim construction ruling issues to address the topics set forth in this Court's Standing Order for Patent Cases.

**1.    JURISDICTION:**

The Amended Complaint ("AC") asserts subject matter jurisdiction under 28 U.S.C. §§ 1331, 1332(a), and 1338(a). *See* Dkt. No. 32, ¶ 4. Apple's answer admitted this Court has subject matter jurisdiction over patent law claims. *See* Dkt. No. 64 at ¶ 4.

**2.     SUBSTANCE OF THE ACTION:**

*Uniloc's Statement*:

Plaintiffs allege patent infringement by Apple. The patent-in-suit, U.S. Patent Nos. 7,587,207 ("the '207patent"), describes what was then the recent emergence of cellular telephones as personal, trusted devices, increasingly capable of providing personalized and localized services. The '207 patent describes these cellular telephones as Context Aware ("CA") terminals, to the extent they could, through sensors or other means, obtain certain information about the device's location, which information could then be used to provide services relevant to that location. The '207 patent also describes as a recent development beacon devices that used infrared signals to communicate with CA terminals.

The '207 patent also discloses using Bluetooth technology, a communication protocol proposed in 1999 as a method of establishing short range wireless connection between devices, enabling them to form ad hoc networks. Devices implementing that technology began coming on the market during 2000. But a limitation of that technology was user data could not be communicated until the Bluetooth-enabled devices went through a time-consuming authentication or hand-shaking process to form, or allow a device to join, the ad hoc network.

The inventors of the '207 patent devised a way for a CA terminal to extract basic location information from a beacon device without requiring the CA terminal to join a network. The invention involved adding a data field containing location information to certain messages transmitted by a beacon ("inquiry messages") that have predetermined data fields, and including in one of the predetermined data fields an indication denoting the presence of the additional data field. As a result, a CA terminal receiving the message could identify the additional field and extract the location information from the message without having to wait first to join a network.

Uniloc alleges in the AC that Apple infringes the '207 patent by importing, using, offering for sale, and selling electronic devices that comply with the Bluetooth Low Energy standard, version 4.0 and above. Such devices include various models of the iPhone, iPad, Apple laptop computers, Apple Watch, iPod, Apple TV, and Airpods. *See* AC, ¶12.  Uniloc asserts it is entitled to damages, in an amount not less than a reasonable royalty, resulting from Apple's infringement.

*Apple's Statement*:

Uniloc originally filed a case against Apple in the Western District of Texas involving the '207 patent on February 22, 2018. On May 11, 2018, the court in the Western District of Texas stayed the case. On June 12, 2018, Apple filed a Motion to Transfer the case to the Northern District of California, which was granted on March 28, 2019. On May 23, 2019, Apple filed an answer denying the material allegations of the Amended Complaint and asserting affirmative defenses. The Court then stayed the case pending an *inter partes* review of the '207 patent on June 12, 2019. Following an institution denial decision, the Court lifted the stay on November 25, 2019.

Uniloc alleges that certain Apple products that support Bluetooth Low Energy technology infringe claims 1-3 and 5-11 of the '207 patent. Uniloc files it initial infringement contentions on January 30, 2020 and Apple filed its initial invalidity contentions on March 17, 2020. Upon Court order, Uniloc served amended invalidity contentions on May 11, 2020. Apple served amended invalidity contentions on June 16, 2020. The parties have exchange initial expert reports and are set to exchange rebuttal expert reports on November 23, 2020.

Apple believes that the principal factual issues in dispute will relate to (a) non-infringement of the '207 patent; (b) invalidity of the asserted claims, including how the supposed "inventions" were anticipated by or obvious over the prior art; (c) whether any Uniloc entity has standing to sue Apple regarding the '207 patent; (d) the value, if any, of the '207 patent; (e) limiting of damages to only after notice of infringement because of a failure to mark licensed products; and (f) whether Uniloc conducted a reasonable pre-filing investigation and whether it has or had a good faith basis for bringing or maintaining its claims against Apple.

**3.    LEGAL ISSUES:**

The matters in dispute that implicate legal issues are:

a)    construction of the asserted claims of the '207 patent;[1]

b)    whether the accused Apple products infringe any of the asserted claims;

c)    whether any of the asserted claims are invalid under 35 U.S.C. §§ 101, 102, 103, or

---

[1] The Claim Construction Hearing took place on August 17, 2020.

112;

d) whether any of Uniloc's claim are barred, or limited, by any of Apple's affirmative defenses: i) failure to state a claim; ii) invalidity; iii) non-infringement; iv) limitation on damages; v) marking; vi) prosecution history estoppel;

e) the amount of damages and other monetary relief (costs, attorneys' fees, expenses, interest) to which Uniloc is entitled as a result of Apple's alleged infringement;

f) whether or not Uniloc's damages are limited under 35 U.S.C. § 287;

g) whether Uniloc or Apple is entitled to its costs, disbursements, and reasonable attorneys' fees incurred in this action.

**4. MOTIONS:**

*Substantive Motions*:

The parties are awaiting a claim construction ruling.

*Uniloc's Anticipated Motions*:

a) Uniloc may file a motion for summary judgment concerning infringement or Apple's defenses.

*Apple's Anticipated Motions:*

Upon review of the claim construction ruling, Apple anticipates filing a dispositive motion concerning noninfringement. Apple also intends to file a summary judgment motion of no pre-suit damages as a result of Uniloc's failure to comply with 35 U.S.C. § 287. Apple further intends to file *Daubert* motions.

**5. DISCOVERY:**

Fact discovery closed on September 28, 2020. *See* Patent Scheduling Order (Dkt. No. 79) at p. 3. Expert discovery is to be completed by December 11, 2020. *Id.* As discussed below, Apple requests that the upcoming close of expert discovery, currently scheduled for December 11 be vacated. Uniloc opposes an extension of the case schedule, but because of the holidays would agree to move the close of expert discovery to January 15, 2021.

**6. SETTLEMENT AND ADR:**

In addition to this case, the parties are involved in multiple other litigations and PTAB

1 proceedings that involve several Uniloc patents.  The parties previously attended a Mediation with
2 Alexander "Lex" Brainerd.  The parties have also participated in a Settlement Conference before
3 Chief Magistrate Judge Spero on January 29, 2020.  To date, no settlement has been reached.  The
4 parties resumed their worldwide ADR discussions with a telephone conference on October 8, 2020
5 with Judge Spero under the auspices of *Uniloc 2017 LLC v. Apple Inc.*, No. 3:19-cv-01905-JD
6 (N.D. Cal.), Dkt. No. 99 and the parties are scheduled to attend a global settlement conference with
7 Judge Spero on May 18, 2021.

**7.    BIFURCATION AND SEPARATE TRIAL OF ISSUES:**

The parties do not believe that bifurcation, or a separate trial of specific issues, is appropriate or desired.

**8.    TRIAL:**

The case will be tried before a jury.  The parties estimate the trial will be six days.

**9.    SCHEDULING:**

*Uniloc's Statement:*

Uniloc proposes an April 2021 Final Pretrial Conference and a May 2021 trial. Uniloc opposes extending the remaining case schedule, but because of the holidays would agree to move the expert discovery deadline to January 15, 2021; and the deadline for filing dispositive motions to January 28, 2021, or the date 28 days after Judge DeMarchi's claim construction order, whichever is later.

*Apple's Statement:*

While the parties have exchanged initial and rebuttal expert reports, Apple respectfully requests that the Court vacate the remaining case schedule -- which only include a close of expert discovery and a dispositive motion deadline – for the following reason.  The Court has not yet issued a claim construction ruling, which may impact the parties' evidence and contentions on topics such as infringement and invalidity.  In this regard, while Apple has addressed noninfringement and invalidity under both Apple's and Uniloc's proposed claim constructions, if the Court adopts a different claim construction, the parties will be required to serve updated expert

reports.[2] It makes little sense to subject experts to depositions that may require these same experts to serve updated expert reports and sit for further depositions. As such, Apple requests that the Court vacate the close of expert discovery and dispositive motion deadlines and schedule a case management conference following the Court's claim construction ruling to allow the parties to address these case management issues. At that time, the parties can address the topics set forth in this Court's Standing Order for Patent Cases, including whether additional expert reports are required as well as the scope and timing of summary judgement motions. Alternatively, Apple will agree to extend the close of expert discovery to January 15, 2021, as proposed by Uniloc.

With respect to trial dates, Apple respectfully requests a trial date no sooner than late June or July 2021. Apple's counsel has a trial scheduled in early May 2021 in *SpaceTime 3d, Inc. v. Samsung Electronics Co., Ltd., et al.*, (EDTX, Case No. 19-cv-00372-JRG) and late May 2021 in *In the Matter of Certain Mobile Electronic Devices and Laptop Computers*, (US ITC, No. 337-TA-1215).

**10.   OTHER MATTERS:**

*Uniloc's Statement*;

None.

*Apple's Statement*

None at this time.

---

[2] Uniloc has only offered an infringement expert report under Uniloc's proposed constructions and has, therefore, waived the right to assert infringement under Apple's proposed constructions should those be adopted by the Court. *France Telecom S.A. v. Marvell Semiconductor Inc.*, No. 12-CV-04967-WHO, 2014 WL 1899616, at *4 (N.D. Cal. May 12, 2014) (striking "supplemental" expert report because the court adopted the defendant's "proposed claim construction," such that plaintiff's "diligence, without which there is no good cause, is measured from the day the [plaintiff] received the proposed constructions, not the date of the issuance of the Court's claim construction opinion").

Dated:  November 23, 2020

| | |
|---|---|
| */s/ James J. Foster*<br>Aaron S. Jacobs (Cal. Bar No. 214953)<br>ajacobs@princelobel.com<br>James J. Foster<br>jfoster@princelobel.com<br>Thomas R. Fulford<br>tfulford@princelobel.com<br>Alyssa Ruderman<br>aruderman@princelobel.com<br>PRINCE LOBEL TYE LLP<br>One International Place, Suite 3700<br>Boston, MA 02110<br>Tel: (617) 456-8000<br><br>Attorneys for Plaintiffs Uniloc USA, Inc., Uniloc Luxemburg, S.A., Uniloc 2017 LLC. | */s/ Christine K. Corbett*<br>Mark Fowler (Bar No. 124235)<br>mark.fowler@us.dlapiper.com<br>Christine K. Corbett (Bar No. 209128)<br>christine.corbett@us.dlapiper.com<br>Jonathan Hicks (Bar No. 274634)<br>jonathan.hicks@us.dlapiper.com<br>DLA PIPER LLP (US)<br>2000 University Avenue<br>East Palo Alto, CA 94303-2214<br>Tel: (650) 833-2000<br><br>Attorneys for Defendant Apple Inc. |