Aaron S. Jacobs (Cal. Bar No. 214953)
ajacobs@princelobel.com
James J. Foster
jfoster@princelobel.com
Thomas R. Fulford
tfulford@princelobel.com
PRINCE LOBEL TYE LLP
One International Place, Suite 3700
Boston, MA 02110
Tel: (617) 456-8000

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNILOC USA, INC., UNILOC LUXEMBOURG, S.A., and UNILOC 2017 LLC,<br><br>　　　　　Plaintiffs,<br><br>v.<br><br>APPLE INC.,<br><br>　　　　　Defendant. | Case No.: 5:19-cv-01692-EJD<br><br>**NOTICE OF PLAINTIFFS' OBJECTIONS TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION RE CONTRUCTION OF CLAIMS OF U.S. PATENT NO. 7,587,207** |

On January 15, 2021, Judge DeMarchi entered a Report and Recommendation re Construction of Claims of U.S. Patent. No. 7,587,207 ("R&R") in this action. Dkt. No. 205. Plaintiffs understand that under 28 U.S.C. §636(b)(1) or FRCP 72(a) the parties would have 14 days from entry of that order to file objections to it.

However, on January 26, 2021, this Court entered an order, Dkt. No. 207, staying this action pending the appeal to the Federal Circuit from the decision in *Uniloc 2017 LLC v. Google LLC* (Case No. 20-4355 and various related cases); this District's decision regarding Uniloc USA, Inc.'s and Uniloc Luxembourg S.A.'s lack of standing in *Uniloc USA, Inc. et al v. Apple Inc.* (Case No. 18-358); and the District of Delaware's decision regarding Uniloc USA, Inc.'s and Uniloc Luxembourg S.A.'s lack of standing in *Uniloc USA, Inc. et al. v. Motorola Mobility LLC* (Case No. 17-1658). Plaintiffs understand that order stays all proceedings with respect to any objections to the R&R.

But because some case law suggests a failure to object within 14 days may preclude later objection to the order, including appellate review, as a precaution Plaintiffs are filing this Notice of Objections within the 14-day period.

Plaintiffs object to that portion of the R&R, at 10-13, limiting "inquiry message" to only a "[message/messages] seeking a response to identify devices available for communication." Although that was the most prominent example of an "inquiry message" at the time the patent application was filed, it was not the only one. By excluding other examples of "inquiry messages," including those described in the intrinsic record, the construction improperly limits the claim to only the preferred embodiment. *See Phillips v. AWH Corp.*, 415 F.3d 1303, 1323 (Fed. Cir. 2005) (en banc) ("[A]lthough the specification often describes very specific embodiments of the invention, we have repeatedly warned against confining the claims to those embodiments." (Citations omitted)).

The R&R's construction is the opposite of the one the Patent Office adopted during the prosecution history. In its decision on appeal that resulted in the issuance of the patent, the Board of Patent Appeals and Interferences did not limit its construction to the preferred embodiment, as

did the R&R. Instead, the Board broadly construed "inquiry message" as a "message seeking information or knowledge." The Board ruled that a prior art patent (Whiteside) disclosed an "inquiry message" when it described a billboard's continuous broadcasting of a vendor's telephone number "because the message is implicitly seeking information (e.g., a response) from any potential message recipients to call the phone number provided," and "the continuous broadcast of the vendor's telephone number is a series of inquiry messages." Dkt. No. 135-8, pp. 6-9.

The R&R's construction limiting "inquiry message" to the preferred embodiment cannot be squared with the intrinsic record. The message the billboard broadcast – an advertiser's telephone number – did not seek to identify devices for communication. It thus differed from the preferred embodiment, and from the R&R's recommended construction.

The R&R's construction also conflicts with the stated purpose of the invention by reading into the claim a requirement the invention was intended to eliminate. That is, the construction seems to limit the claimed systems to those where the beacon and mobile device must be able to communicate back and forth; by contrast, the patent discloses a system where data is transmitted (broadcast) one-way—from beacon to mobile device—without any need for the beacon to identify any devices for communication; or any need for the mobile device "to transmit any information whatsoever." *See* '207 Patent at 8:4-9. A construction that limits the claims to systems where the portable device can directly respond cannot be correct, because it excludes embodiments described in the intrinsic record and defeats the stated purpose and benefits of the invention. *See, e.g.*, '207 Patent at 2:26-30, 6:18-28, 6:37-48, 8:4-9, 10:5-16. Although an "inquiry message" is intended to generate some form of response, any action or activity taken as a result of the portable device's receiving the message, even if the action is not a communication to the beacon itself (e.g., the phone call in Whiteside), would fulfill the purpose of the claims.

Nevertheless, the R&R's construction goes further, requiring not only that the mobile device be able to provide a response to the beacon device, but also that the message sent by the beacon be one "to identify devices available for communication." Dkt. 205 at 10. This construction is incorrect because it transforms the patented invention from one intended to avoid

1  having to establish connections between devices for back-and-forth communications to one where
2  the message is intended to identify devices for that communication, even though that
3  communication is counter to the purpose of the invention.  The R&R itself acknowledges that "the
4  stated purpose of the claimed invention [is] to allow a CA-device to obtain location information
5  from a beacon device without requiring the CA-device to join a network," and that "a Bluetooth
6  handshake is not required for the invention to operate."  Dkt. 205 at 11, 12.  The R&R's ultimate
7  construction, however, contradicts those observations about the purpose and scope of the
8  invention.

9        The R&R's reference to its construction as "supported by" Figure 4 and the accompanying
10  discussion in columns 6 and 7 of the patent, R&R at 12,  is a *non sequitur*.  Those portions of the
11  patent simply describe features of the preferred embodiment.  All agree "inquiry message" would
12  be broad enough to cover the preferred embodiment; that is not the issue.  Rather, the issue is
13  whether the claims should be *limited to* the "inquiry message" of the preferred embodiment.
14  Nothing in the cited portions of the patent suggests or even implies limiting "inquiry message" to
15  that specific example.

16        The thrust of the invention is a system where data can be transferred *without having to*
17  *carry out the full inquiry process*.  *See id.*; *see also id.* at 2:26-30, 6:43-48.  The R&R itself noted
18  that the invention is not limited to Bluetooth (Dkt. 205 at 12), which seems to run counter to its
19  ultimate construction.  The Bluetooth-specific discussion on which the R&R relies as support for
20  its construction simply describes the preferred embodiment; it does not limit the scope of the
21  invention, and thus the R&R's construction is incorrect.  An inquiry message seeking devices for
22  two-way communications, as required by the that construction, ***is not compatible*** with one-way
23  broadcasting of location information—the heart of the patented invention—because the
24  specification notes that a beacon must be active continuously for fast location acquisition, which
25  "normally prevent[s] conventional two-way links being set up."  *See* '207 Patent at 10:59-67.  The
26  claims are not limited to messages that seek a response to identify devices available for
27  communication, as the R&R's construction requires, and thus this construction is incorrect.

28

NOTICE OF PLAINTIFFS' OBJECTIONS TO ORDER RE      3      5:19-cv-01692-EJD
CLAIM CONSTRUCTION

For the reasons stated above, Uniloc respectfully objects to the R&R with respect to the term "inquiry message" and urges the Court to adopt Uniloc's proposed construction.

Uniloc also objects to the R&R's construction of "Bluetooth messaging" and "Bluetooth protocols." R&R at 13-15.  As described in Uniloc's earlier briefing, Dkt. Nos.121, 137, citing *SuperGuide Corp. v. DirecTV Enters., Inc*., 358 F. 3d 870 (Fed. Cir. 2004), the term should be construed to include after-arising technology.

Dated:  January 29, 2021

*/s/ James J. Foster*
Aaron S. Jacobs (Cal. Bar No. 214953)
ajacobs@princelobel.com
James J. Foster
jfoster@princelobel.com
Thomas R. Fulford
tfulford@princelobel.com
PRINCE LOBEL TYE LLP
One International Place, Suite 3700
Boston, MA 02110
Tel: (617) 456-8000

Attorneys for Plaintiffs